Tony Nasser, Esq., CA SBN: 307930
BARNES LAW
601 South Figueroa Street, Suite 4050
Los Angeles, California 90017
Telephone:   (310) 510-6211
Facsimile:    (310) 510-6225
E-mail:    tonynasser@barneslawllp.com

Attorney for Plaintiffs Nevada Green Party, Dr. Jill Stein, and Julia Hammett
Attorney has complied with LR IA 10-2

MACE J. YAMPOLSKY, LTD.
MACE J. YAMPOLSKY, ESQ.
Nevada Bar 001945
625 South Sixth Street
Las Vegas, Nevada 89101
(702) 385-9777; Fax. No. (702) 385-3001

Local Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| NEVADA GREEN PARTY, DR. JILL STEIN; and JULIA HAMMETT,<br><br>               Plaintiffs,<br><br>     v.<br><br>BARBARA K. CEGAVSKE, in her official capacity as Secretary of State of Nevada,<br><br>               Defendant. | Case No.: _____<br><br><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**No Jury Trial Demanded** |

COMPLAINT

1

## PARTIES

1.     Plaintiff Nevada Green Party is a political party headquartered in the State of Nevada.

2.     Plaintiff Dr. Jill Stein is a resident of Massachusetts, a supporter of the Green Party, and the nominee of the Green Party for President of the United States.

3.     Plaintiff Julia Hammett is a resident of Nevada, a supporter of the Nevada Green Party, the state co-chair of the Nevada Green Party.

4.     Defendant Barbara K. Cegavske is the Secretary of State of Nevada (hereinafter, the "Secretary of State"), and is sued in her official capacity. The Secretary of State oversees the State's electoral processes including but not limited to managing the submission process of petitions for presidential candidates' nomination papers and reviewing the papers filed by political parties.

## JURISDICTION AND VENUE

5.     This is a civil action seeking declaratory, injunctive, and other legal and equitable relief, and the court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343(a), 1367, and 2201. The federal law causes of action are based on 42 U.S.C. § 1983.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), on the ground that a substantial part of the events or omissions giving rise to the claims herein occurred in the District of Nevada.

## GENERAL ALLEGATIONS

7.     The Nevada Green Party (hereinafter, the "Party") requests that this Court order the Nevada Secretary of State to extend the deadline for accepting petitions of minor political parties to place the names of its candidates for partisan office on the general election ballot, and, to accept the Party's additional signatures for its petition to place its presidential candidate and vice presidential candidate on the general election ballot for the Nevada general election, past the current deadline set forth in Nevada Revised Statute ("NRS") 293.1715, as the current deadline set at 159 days prior to the

general election is unconstitutionally burdensome under the First and Fourteenth Amendments of the United States Constitution.

8. NRS 293.1715(1)(c) requires that minor political parties file these petitions with the Secretary of State "[n]ot later than the third Friday in June preceding the general election[.]" However, NRS 293.172(1)(c) requires that these petitions be submitted to the county clerks for each county for verification of the signatures included therein, "not later than 10 working days before the last day to file the petition." The effect of these two NRS sections is to require the Party, as well as all other minor political parties, to gather all required signatures and submit them to county clerks no later than 10 working days before the third Friday in June preceding the general election. That date fell on June 3, 2016 of this year—an unnecessary 159 days before the general election.

9. Due to Nevada's time constraints imposed by the unconstitutionally burdensome petition deadline, the Party was unable to organize and obtain volunteers to collect enough verified signatures earlier and/or soon enough, and thus began collecting signatures for the petition on May 21, 2016—not even two weeks before the Party was required to submit its petition to the county clerks on June 3, 2016.

10. The Party was required to submit 5,431 valid signatures by June 3, 2016 to submit its petition; however, due to the unreasonable time constraints enforced by the Secretary of State, it was unable to do so, as some of its submitted signatures were invalidated during the verification process, thus putting the valid signatures under the required number of 5,431.

11. The Nevada Green Party continued to collect additional signatures after receiving notification on or about June 22, 2016, that it did not have enough valid signatures for its petition.

12. On August 1, 2016, the Nevada Green Party attempted to submit over 1000 signatures in support of its ballot-access petition to Defendant's office to satisfy the signature requirement of the petition; however, Defendant's office refused to accept those additional signatures because the June 3, 2016 deadline had passed, and stated that there could be no late filings.

13. As a result, the Party has been prevented from exercising its constitutional right to place the names of its candidates for partisan office on the ballot for the general election taking place on November 8, 2016.

14. Due to Nevada's unconstitutionally early petition deadline preventing the Nevada Green Party from being placed on the Nevada general election ballot, Plaintiff Nevada Green Party will not be able to exercise its constitutional right place its candidates on the Nevada general election ballot, Plaintiff Dr. Jill Stein will not be placed on the Nevada general election ballot as the Party's presidential candidate, and Plaintiff Julia Hammett will be unable to cast her vote for the Party's candidate at the general election.

15. Therefore, an extension of the June 3, 2016 petition deadline is necessary to compel the Secretary of State to accept the Party's nominating petitions.

## COUNT ONE:

**The Secretary of State's Decision Violates the First and Fourteenth Amendment Rights to Free Speech, Free Association, and Voting Rights of the Party**

*(By Plaintiffs Nevada Green Party, Dr. Jill Stein, and Julia Hammett against Defendant Barbara K. Cegavske in her official capacity as Secretary of State of Nevada)*

16. Plaintiffs incorporate the allegations set forth in the preceding paragraphs of this complaint as though fully set forth herein.

17. The Secretary of State acting under color of state law, deprived and severely burdens the political speech and political association rights of the Party and its members in direct violation of the First and Fourteenth Amendments to the United States Constitution, for which Plaintiffs are entitled to a civil remedy under 42 U.S.C. § 1983.

18. Burdens on ballot access diminish the statewide and national viability of the organization whose ballot presence is denied, thereby diminishing the value of votes cast by the harmed parties.

19.     The Secretary of State, acting under color of state law, has deprived Plaintiffs of their rights, privileges and immunities secured to them under the First and Fourteenth Amendments to the United States Constitution and § 1983 of title 42 of the United States Code to participate in the democratic process free from unreasonable impediments, undue restraints on core political speech, and arbitrary ballot access burdens such as unreasonable petition deadlines, through which the party members engage one another and through which the party engages in the public at large.

20.     Plaintiffs have no adequate remedy at law for such deprivation of their rights, privileges and immunities.

21.     Plaintiffs have and will incur attorneys' fees, and are entitled to recover them pursuant to 42 U.S.C. § 1988.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request this Court:

A.      To grant an order requiring the Secretary of State to take all actions necessary to accept the Party's petition to place its candidates on the general election ballot for all counties in the state of Nevada for November 8, 2016, past the current June 17, 2016 deadline

B.      Alternatively, to grant injunctive relief enjoining and restraining the Secretary of State, her servants, agents, employees, and all other persons in active concert and participation with her from enforcing an unconstitutional petition deadline set 159 days before the general election, in conformity with the Free Speech, Free expression, and Free Association clauses of the First Amendment of the United States Constitution, each enforced against such state action through the Fourteenth Amendment of the United States Constitution;

\\\
\\\

  C. To award Plaintiffs costs and disbursements associated with the filing and maintenance of this action, including an award of reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

  D. To award such other equitable and further relief as the Court deems just and proper.

DATED:  August 16, 2016        Respectfully submitted,

                /s/ Tony Nasser
                Tony Nasser, Esq.
                Attorney for Plaintiffs

                /s/ Mace Yampolsky
                Mace Yampolsky, Esq.
                Local Counsel for Plaintiffs