# EXHIBIT 1

*State of Nevada*

# MINOR PARTY QUALIFICATION GUIDE



# 2002

*Provided by*

**Dean Heller**
**Secretary of State**

*STATE OF NEVADA*

# 2002 MINOR POLITICAL PARTY GUIDE

## TABLE OF CONTENTS

Preface......................................................................................... ii

Procedures to Qualify a Minor Political Party............................................. 1

Procedures to Qualify for Ballot Access in 2002.......................................... 1 - 2

Petitions to Qualify for Ballot Access in 2002 ............................................. 2

Procedure for Continued Existence ................................................. 3

Maintaining Ballot Access after 2002............................................... 3

Important Dates....................................................................... 3 - 4

Minor Political Party List of Candidates ........................................ 5

Filling a Vacancy .......................................................................... 5

Minor Political Party Ballot Access Petition Format.................................... 6

Verification Process....................................................................... 7

Determination of Sufficiency........................................................ 8

Filing an Appeal.......................................................................... 9

Court Challenges....................................................................... 10

Appendix:   Sample Minor Political Party Ballot Access Petition
Sample Minor Political Party Candidate Petition
Pertinent Sections of the Nevada Revised Statutes
Pertinent Sections of the Nevada Administrative Code (NAC 293.182)
Attorney General Opinion #99-37, dated 12/01/99

# PREFACE

The Secretary of State's office has prepared this brief guide of the statewide minor political party qualification procedures as printed in Chapter 293 of the Nevada Revised Statutes (NRS) and other pertinent sections of the Nevada Constitution, Title 24 Election Laws of NRS and Nevada Administrative Code (NAC). The purpose of this guide is to provide an understanding of the procedures and requirements necessary to qualify as a minor political party and to gain and maintain ballot access. **It is important to note that this guide is for general information only and does not have the force and effect of Nevada law, regulation or rule.** Interested parties should obtain the most recent version of NRS, as Nevada's Election Laws are amended each legislative session.

✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱

# QUESTIONS?

Contact
DEAN HELLER
Secretary of State
Elections Division
101 North Carson Street, Suite 3
Carson City, Nevada 89701-4786
Telephone (775) 684-5705/ Fax (775) 684-5718
E-mail Address:  nvelect@govmail.state.nv.us
Website:  www.sos.state.nv.us

*MINOR POLITICAL PARTY*

# QUALIFICATION GUIDE

## Procedures to Qualify a Minor Political Party:

To qualify as a minor political party, an organization must file a **Certificate of Existence** with the Secretary of State.  The Certificate of Existence must include:

a.      Name of the political party;
b.      Name of its officers;
c.      Names of the members of its executive committee;
d.      Name of the person authorized to file the list of its candidates for partisan office with the Secretary of State; and
e.      A copy of its constitution or bylaws.  (NRS 293.171(1) & (2))

The constitution or bylaws of a minor political party must provide a procedure for the nomination of its candidates in such a manner that only **one candidate** may be nominated for each office.  (NRS 293.171(4))

A minor political party shall file with the Secretary of State an **Amended Certificate of Existence** within five days after any change in the information contained on the certificate. (NRS 293.171(3))

Filing a Certificate of Existence does not authorize a minor political party to place names of candidates on the ballot.  The minor political party must first qualify for ballot access.  After filing the Certificate of Existence, the minor political party must follow the procedures listed below to qualify for ballot access.

## Procedures to Qualify for Ballot Access for the 2002 General Election:

A minor political party can obtain **ballot access** in Nevada if the party:

**a.**      At the 2000 General Election, the minor political party received for any of its candidates,  1% of the total votes cast for the offices of Representative in Congress, Districts 1 and 2; (NRS 293.1715(2)(a))

**b.**      Has been designated as the political party on at least 1% of the total number of applications to register to vote in Nevada by January 1, 2002; (NRS 293.1715(2)(b))

**c.**     Has submitted a petition for minor party ballot access containing valid signatures equal to 1% of the total number of votes cast at the last General Election for the offices of Representative in Congress, Districts 1 and 2 (see below) with the appropriate County Clerk/Registrar of Voters for signature verification, no later than July 5, 2002;  (NRS 293.172(1)(c); 293.1715(2)(c))  or

**d.**     Has filed a petition on behalf of a candidate for statewide office containing 250 valid signatures or a petition containing 100 valid signatures for any office except a statewide office.  (NRS 293.1715(3))

## Petitions to Qualify for Ballot Access:

As stated above, two of the four ways that a minor political party may qualify for ballot access involve a petition.  The first petition below (a.) is intended for the entire minor party's ballot access, while the other petition (b.) is designed for an individual candidate of a minor party to obtain ballot access.

**The party must file a copy of the petition with the Secretary of State before the petition may be circulated for signatures.**  The signatures obtained must then be verified by the County Clerks/Registrars in the counties where the petition was circulated.  After signature verification the County Clerks/Registrars file the petition with the Secretary of State's office.  The Secretary of State notifies the petitioners whether or not the petition was successful based on the results of the signature verification.  (NRS 293.1715(5), 293.172(1)(c))

**a.**     This petition must contain a number of valid signatures equal to 1% of the total number of votes cast at the last General Election for the offices of Representative in Congress, Districts 1 and 2:

Total votes cast for Representative in Congress in the 2000 General Election……………………………     585,204

Total number of valid signatures needed to qualify as a minor political party for 2002……………………     5,852
(NRS 293.1715(2)(c))

**b.**     This petition on behalf of each candidate must contain a number of valid signatures as follows:

Total number of valid signatures needed to be nominated for a **statewide** office…………………………………     250
(NRS 293.1715(3))

Total number of valid signatures needed to be nominated for any office **except** a statewide office………………     100
(NRS 293.1715(3))

## Procedure for Continued Existence As a Minor Political Party:

If a minor political party does not place the name of at least one candidate on the 2002 General Election ballot, the minor political party must file a **Notice of Continued Existence** with the Secretary of State no later than August 9, 2002.  A minor political party which fails to file a Notice of Continued Existence **ceases to exist as a minor political party in this state. (** NRS 293.171(5) and (6))

## Maintaining Ballot Access After the 2002 General Election:

A minor political party maintains ballot access for the 2004 General Election if:

a.      It receives a number of votes equal to at least 1% of the total number of votes for the office of Representative in Congress, Districts 1, 2 and 3 at the 2002 General Election;  (NRS 293.1715(2)(a) ) or

b.      It has been designated as the political party on at least 1% of the total number of applications to register to vote in Nevada by January 1, 2004. (NRS 293.1715(2)(b))

If a minor political party meets either of these requirements, it will not have to petition to maintain ballot access for the 2004 General Election.

## Important Dates:

**January 1, 2002**      A minor political party may qualify for ballot access if 1% of the total number of registered voters in Nevada are registered with that minor political party by this date.  (NRS 293.1715(2)(a))

**April 15, 2002**      Last day a minor political party candidate petition containing 250/100 signatures may be submitted to the County Clerks/Registrars for signature verification.  (NRS 293.172(1)(c))

**May 6, 2002**      First day a minor political party may file a list of candidates with the Secretary of State.  This includes new parties and those who may or may not be qualified for ballot access.  (NRS 293.1725(1))

**May 6, 2002**      First day a minor political party candidate may file a Declaration of Candidacy and pay the appropriate fee, if any, for the purpose of having his/her name appear on the 2002 General Election ballot. (NRS 293.1725(3))

**May 6, 2002**        First day a minor political party candidate petition containing 250/100 signatures may be filed with the Secretary of State by the County Clerks/Registrars.  (NRS 293.1715(3)(c))

**May 20, 2002**       Last day a qualified minor political party may file a list of minor political party candidates with the Secretary of State.  **The list of candidates cannot be amended after it is filed.** (NRS 293.1725(1))

**May 20, 2002**       Last day a minor political party candidate may file a Declaration of Candidacy and pay the appropriate fee, if any, for the purpose of having his/her name appear on the 2002 General Election ballot. (NRS 293.1725(3))

**May 20, 2002**       Last day a minor political party candidate petition containing 250/100 signatures may be filed with the Secretary of State by the County Clerks/Registrars.  (NRS 293.1715(3)(c))

**July 5, 2002**       Last day a minor political party seeking ballot access may **submit a petition** containing the signatures of 1% of the total number of votes cast at the 2000 General Election for the offices of Representative in Congress, Districts 1 and 2, to the County Clerks/Registrars for signature verification.  (NRS 293.172(1)(c))

**August 9, 2002**     Last day for a minor political party petition containing the signatures of 1% of the total number of votes cast at the 2000 General Election for the offices of Representative in Congress, Districts 1 and 2,  to be filed with the Secretary of State by County Clerks/Registrars.  (NRS 293.1715(2)(c))

**August 9, 2002**     Last day for a minor political party which does not file a list of candidates to file a Notice of Continued Existence with the Secretary of State.  **Failure to file the Notice of Continued Existence causes the party to cease to exist.**  (NRS 293.171(5))

*MINOR POLITICAL PARTY*
# LIST OF CANDIDATES & VACANCIES

A list of candidates must be filed with the Secretary of State between May 6, 2002 and May 20, 2002, before any minor political party candidates may file for office. The list must be signed by the person authorized in the minor party's Certificate of Existence. **The list cannot be amended after it is filed.** (NRS 293.1725(1))

The Secretary of State will immediately forward a certified copy of the minor political party's list of candidates to the filing officer with whom each candidate must file his/her Declaration of Candidacy.  Each candidate on the list must file his/her Declaration of Candidacy with the appropriate filing officer and pay the appropriate fee, if any.  The candidate may file his/her Declaration of Candidacy from May 6, 2002 to May 20, 2002. (NRS 293.1725(2) & (3))

The names on the list of candidates of a minor political party **will not appear** on the 2002 Primary Election ballot.   However, the names will appear on the 2002 General Election ballot. **Please note that each minor party may have only one candidate for each office appearing on the General Election ballot.**  (NRS 293.1715(1) & (2))


**FILLING A VACANCY:**   Except for multi-county legislative offices, a vacancy occurring in a minor political party nomination for a partisan office may be filled by a candidate designated by the minor party's county or state party central committee.  Such a designated candidate must file an acceptance of candidacy and pay the filing fee by 5:00 p.m., September 9, 2002.  (NRS 293.165(1) & (5))

For the procedure to fill a vacancy occurring in a minor party nomination for a multi-county legislative office, please see NRS 293.166.

No change may be made on the ballot after September 9, 2002.  If a nominee dies after that date, his/her name must remain on the ballot and, if elected, a vacancy exists. (NRS 293.165(4))

## *MINOR POLITICAL PARTY BALLOT ACCESS PETITION FORMAT*

❖ The petition may consist of more than one document;

❖ Each document of the petition may consist of one or more pages and must be bound together;

❖ Each document must bear the name of the minor political party and, if applicable, the candidate and office to which the candidate is to be nominated;

❖ Each document must bear the name of a county, and only registered voters of that county may sign the document;

❖ Each document must contain sequentially numbered spaces for the name of each person who signs the document, the signature of the person signing, the <u>residence</u> address of the person signing, the name of the county where the person who signs is registered to vote, and the date of the signature;

❖ Each document must contain an affidavit of the person who circulated the document. The affidavit must be on the last page of each document and be signed before a person authorized by law to administer oaths in the State of Nevada (a notary public);

❖ The circulator is **not** required to be a registered voter in Nevada;

❖ Each signature on the petition must be in ink.  The County Clerk/Registrar will disregard any signature that is not signed in ink; and

❖ Each page of the document must be numbered.  The County Clerk/Registrar cannot accept a petition unless each page of the petition is numbered.


### THE SECRETARY OF STATE DOES NOT APPROVE
### THE LEGALITY OF THE PETITIONS


NOTE:  Sample petition is provided in the appendix.

See:      NRS 293.172
              Nevada Administrative Code (NAC) 293.182
              Attorney General Opinion No. 99-37, dated 12/01/99

6

*MINOR POLITICAL PARTY PETITION*
# VERIFICATION PROCESS

## Step 1:

All documents must be submitted to appropriate County Clerk/Registrar at the same time. The County Clerk/Registrar counts the **total** number of signatures on the petition and forwards that number to the Secretary of State.   This is the **"raw count."**   (NRS 295.056(5); 293.1276)

> **Time frame:** The County Clerk/Registrar must complete the **raw count** within 4 days of receipt of the petition (excluding Saturdays, Sundays, holidays and the day the petition is received).  (NRS 293.1276(1))

## Step 2:

Based on the **raw count** information received from the County Clerk/Registrar, the Secretary of State determines whether the number of signatures is 100% of the number needed.  If the **raw count** indicates that the petition contains less than 100% of the signatures needed, the Secretary of State notifies the person who submitted the petition and the County Clerk/Registrar that no further action need be taken on the petition.  If the **raw count** indicates that the petition contains more than 100% of the signatures needed, the Secretary of State notifies the County Clerk/Registrar.   (NRS 293.1276(2); 293.1277(1))

> **Time frame:**  Immediately after the Secretary of State receives the **raw count** from all counties.  (NRS 293.1277(1))

## Step 3:

If the Secretary of State notifies the County Clerk/Registrar that the petition contains the number of signatures needed for it to be sufficient, the County Clerk/Registrar begins examining the signatures.  The clerk will either verify 500 of the signatures or randomly sample 5% of the total signatures submitted (whichever is greater).  The Secretary of State is notified of the results.  (NRS 293.1277(2))

> **Time frame:**  Signature verification must be completed within 9 days (excluding Saturdays, Sundays, holidays and the day the Secretary of State's notification is received) after the County Clerk/Registrar receives notification from the Secretary of State.  (NRS 293.1277(1))

*MINOR POLITICAL PARTY PETITION*
# DETERMINATION OF SUFFICIENCY

## Finding based on the result of the random sampling:

**1.**   The Secretary of State finds that the number of valid signatures is less than 90% of the total number required.  (NRS 293.1278(1))

> **Result:**  The petition fails.  No further action is taken.  (NRS 293.1278(1))

**2.**   The Secretary of State finds that the number of valid signatures is greater than 100% of the number required.  (NRS 293.1278(2))

> **Result:**  The petition qualifies.  (NRS 293.1278(2))

**3.**   The Secretary of State finds the number of valid signatures to be greater than 90% but less than 100% of the number required.  (NRS 293.1279(1))

> **Result:**  The Secretary of State orders the County Clerk/Registrar to verify all signatures until they determine that 100% of the number of signatures of registered voters needed to declare the petition sufficient are valid.  This process must be completed by the County Clerk/Registrar within 12 days after the order of the Secretary of State (excluding Saturdays, Sundays, holidays and the day the Secretary of State's order is received).  If the verification shows the petition has less than 100% of the number needed, the petition fails.  (NRS 293.1279)

**Further action:**   Upon completion of the signature verification, the verified petition must be filed by the County Clerk/Registrar with the Secretary of State.  (NV Const. Art. 19, Sec. 1(2); NRS 295.045(2))

## *MINOR POLITICAL PARTY PETITION*
# FILING AN APPEAL

If a petition for a minor party qualification fails for lack of signatures, the person who submitted the petition may challenge the signature verification by filing an appeal with the Secretary of State.  The appeal must:

    **a.**        Be filed within 5 working days after receipt of the Secretary of State's determination of sufficiency;

    **b.**        Include the reasons for the appeal; and

    **c.**        Include a statement of the number of signatures, if any, that the County Clerk/Registrar determined were invalid.

If the appeal is based on the results of the signature verification, the Secretary of State will:

    **a.**        If the Secretary of State agrees with the person who filed the appeal, order the County Clerk/Registrar to recertify the petition to include all contested signatures which the Secretary of State determines are valid as verified signatures.

    **b.**        If the Secretary of State does not agree with the person who filed the appeal, notify that person and the County Clerk/Registrar that the petition remains insufficient.

If the Secretary of State is unable to make a decision on the appeal based upon the documents submitted, he or she may order the County Clerk/Registrar to reverify the signatures.  **The decision of the Secretary of State is a final decision for the purposes of judicial review.**  The decision of the Secretary of State may be appealed, but only in the First Judicial District Court in Carson City, Nevada.  (NRS 293.12793-.12795)

*MINOR POLITICAL PARTY / CANDIDATE PETITION*
# COURT CHALLENGES

The qualification of a Minor Political Party may be challenged in court.  If such a challenge is filed, all affidavits and supporting documents must be filed by 5 p.m., August 16, 2002, in the First Judicial District Court in Carson City, Nevada.  (NRS 293.174(1))

The qualification of a Minor Political Party candidate, other than President or Vice President, may be challenged in court.  If such a challenge is filed, all affidavits and supporting documents must be filed by 5 p.m., May 27, 2002, in either the First Judicial District Court in Carson City, Nevada if the Secretary of State is the candidate's filing officer or in the District Court for the county where the candidate's Declaration of Candidacy was filed.  (NRS 293.174)(2))

# APPENDIX:

*Sample Minor Political Party Ballot Access Petition*

*Sample Ballot Minor Political Party Candidate Petition*

*Pertinent Sections of the Nevada Revised Statutes (NRS)*

*Nevada Administrative Code Regulation (NAC) 293.182*

*Attorney General Opinion #99-37*

# *Minor Political Party Ballot Access Petition*                    *State of Nevada*

## *Petition to Qualify*

_____
*(print name of minor party)*

**For General Election Ballot Access as a Minor Political Party**

County of_____}                    ( <u>Only</u> registered voters of this County may sign below.)

**This space for office use only**

| # | | | |
|---|---|---|---|
| 1 | PRINT YOUR NAME (last name, first name, initial) | RESIDENCE ADDRESS ONLY: | |
| | YOUR SIGNATURE:          DATE:        /      / | CITY:          COUNTY: | |
| 2 | PRINT YOUR NAME (last name, first name, initial) | RESIDENCE ADDRESS ONLY: | |
| | YOUR SIGNATURE:          DATE:        /      / | CITY:          COUNTY: | |
| 3 | PRINT YOUR NAME (last name, first name, initial) | RESIDENCE ADDRESS ONLY: | |
| | YOUR SIGNATURE:          DATE:        /      / | CITY:          COUNTY: | |
| 4 | PRINT YOUR NAME (last name, first name, initial) | RESIDENCE ADDRESS ONLY: | |
| | YOUR SIGNATURE:          DATE:        /      / | CITY:          COUNTY: | |
| 5 | PRINT YOUR NAME (last name, first name, initial) | RESIDENCE ADDRESS ONLY: | |
| | YOUR SIGNATURE:          DATE:        /      / | CITY:          COUNTY: | |
| 6 | PRINT YOUR NAME (last name, first name, initial) | RESIDENCE ADDRESS ONLY: | |
| | YOUR SIGNATURE:          DATE:        /      / | CITY:          COUNTY: | |
| 7 | PRINT YOUR NAME (last name, first name, initial) | RESIDENCE ADDRESS ONLY: | |
| | YOUR SIGNATURE:          DATE:        /      / | CITY:          COUNTY: | |

**PAGE ____ OF ____**

# *Minor Political Party Ballot Access Petition*          *State of Nevada*

## *Petition to Qualify*

_____
*(Print name of Minor Party)*

### *For General Election Ballot Access as a Minor Political Party*

This space for
office use only

| 8 | PRINT YOUR NAME (last name, first name, initial) | RESIDENCE ADDRESS ONLY: | |
|---|---|---|---|
| | YOUR SIGNATURE:                          DATE:<br>/    / | CITY:          COUNTY: | |
| 9 | PRINT YOUR NAME (last name, first name, initial) | RESIDENCE ADDRESS ONLY: | |
| | YOUR SIGNATURE:                          DATE:<br>/    / | CITY:          COUNTY: | |
| 10 | PRINT YOUR NAME (last name, first name, initial) | RESIDENCE ADDRESS ONLY: | |
| | YOUR SIGNATURE:                          DATE:<br>/    / | CITY:          COUNTY: | |

**[Place affidavit on last page of document]**

## AFFIDAVIT OF CIRCULATOR

(To be completed by the person who circulated the petition <u>after</u> all signatures have been obtained)

STATE OF NEVADA                    )
                                   )
COUNTY OF _____          )

I,_____, (print name), being first duly sworn under penalty of perjury, depose and say:  (1) that I reside at

_____
(print street, city and state); (2) that I am 18 years of age or older; (3) that I personally circulated this document; (4) that all signatures were affixed in my presence; (5) that to the best of my information, I believe them to be genuine signatures; and (6) that to the best of my information, I believe each individual who signed was at the time of signing a registered voter in the county of his or her residence.

_____
Signature of Circulator

Subscribed and sworn to or affirmed before me this _____ day

of _____, _____, by _____.

_____
Notary Public or person authorized to administer an oath

Prescribed by Secretary of State
NRS 293.172
EL506 (rev. 02/00)                              **PAGE _____ OF _____**

# *Minor Political Party Candidate Petition* <span style="float:right">*State of Nevada*</span>

## Petition to Qualify

_____ *for the office of* _____
<span>*(print name)*</span>                                          <span>*(print name of office)*</span>

*as a candidate of the* _____ *Political Party*
<span>*(print name of minor party)*</span>

### *For General Election Ballot Access as a Minor Political Party Candidate*

County of_____}          ( **Only** registered voters of this County may sign below.)

| | | | This space for office use only |
|---|---|---|---|
| **1** | PRINT YOUR NAME (last name, first name, initial) | RESIDENCE ADDRESS ONLY: | |
| | YOUR SIGNATURE:                DATE:    /    / | CITY:          COUNTY: | |
| **2** | PRINT YOUR NAME (last name, first name, initial) | RESIDENCE ADDRESS ONLY: | |
| | YOUR SIGNATURE:                DATE:    /    / | CITY:          COUNTY: | |
| **3** | PRINT YOUR NAME (last name, first name, initial) | RESIDENCE ADDRESS ONLY: | |
| | YOUR SIGNATURE:                DATE:    /    / | CITY:          COUNTY: | |
| **4** | PRINT YOUR NAME (last name, first name, initial) | RESIDENCE ADDRESS ONLY: | |
| | YOUR SIGNATURE:                DATE:    /    / | CITY:          COUNTY: | |
| **5** | PRINT YOUR NAME (last name, first name, initial) | RESIDENCE ADDRESS ONLY: | |
| | YOUR SIGNATURE:                DATE:    /    / | CITY:          COUNTY: | |
| **6** | PRINT YOUR NAME (last name, first name, initial) | RESIDENCE ADDRESS ONLY: | |
| | YOUR SIGNATURE:                DATE:    /    / | CITY:          COUNTY: | |
| **7** | PRINT YOUR NAME (last name, first name, initial) | RESIDENCE ADDRESS ONLY: | |
| | YOUR SIGNATURE:                DATE:    /    / | CITY:          COUNTY: | |

*PAGE ____ OF ____*

*Minor Political Party Candidate Petition*                    *State of Nevada*

## Petition to Qualify

_____ *for the office of* _____
*(print name)*                                             *(print name of office)*

*as a candidate of the* _____ *Political Party*
                                    *(print name of minor party)*

***For General Election Ballot Access as a Minor Political Party Candidate***

**( <u>Only</u> registered voters of this County may sign below.)**

This space for office use only

| 8 | PRINT YOUR NAME (last name, first name, initial) | RESIDENCE ADDRESS ONLY: | |
|---|---|---|---|
| | YOUR SIGNATURE:          DATE: /  / | CITY:          COUNTY: | |
| 9 | PRINT YOUR NAME (last name, first name, initial) | RESIDENCE ADDRESS ONLY: | |
| | YOUR SIGNATURE:          DATE: /  / | CITY:          COUNTY: | |
| 10 | PRINT YOUR NAME (last name, first name, initial) | RESIDENCE ADDRESS ONLY: | |
| | YOUR SIGNATURE:          DATE: /  / | CITY:          COUNTY: | |

**[Place affidavit on last page of document]**

## AFFIDAVIT OF CIRCULATOR

(To be completed by the person who circulated the petition <u>after</u> all signatures have been obtained)

*STATE OF NEVADA* )
                                      )
COUNTY OF _____ )

I,_____, (print name), being first duly sworn under penalty of perjury, depose and say:  (1) that I reside at _____ (street, city and state); (2) that I am 18 years of age or older; (3) that I personally circulated this document; (4) that all signatures were affixed in my presence; (5) that to the best of my information and belief, I believe them to be genuine signatures; and (6) that to the best of my information and belief, I believe each individual who signed was at the time of signing a registered voter in the county of his or her residence.

_____
Signature of Circulator

Subscribed and sworn to or affirmed before me this _____ day

of _____, _____, by _____.

_____
Notary Public or person authorized to administer an oath

**Prescribed by Secretary of State**
**NRS 293.172**
EL512 (rev. 02/00)                                                                    PAGE ____ OF ___

# Pertinent Sections of the

# NEVADA REVISED STATUTES (NRS)

### CIRCULATION AND SUFFICIENCY OF CERTAIN PETITIONS

**NRS 293.12756 Informational pamphlet concerning petitions; fee.**

1. The secretary of state shall prepare an informational pamphlet describing the requirements for filing and circulating petitions. The pamphlet must also contain a sample of a petition to demonstrate an acceptable format for a petition.

2. The pamphlets must be made available to the public and must be distributed to any person who requests a pamphlet upon payment of the applicable fee, if any. The secretary of state may impose a fee for the pamphlet in an amount not to exceed the cost to produce the pamphlet.

(Added to NRS by 1993, 2664)

**NRS 293.127565 Use of public buildings to gather signatures on petitions; regulations.**

1. At each building that is open to the general public and occupied by the government of this state or a political subdivision of this state or an agency thereof, other than a building of a public elementary or secondary school, an area must be made available for the use of any person to gather signatures on a petition at any time that the building is open to the public. The area must be reasonable and may be inside or outside of the building. Each public officer or employee in control of the operation of a building governed by this subsection shall designate and approve the area required by this subsection for the building.

2. Before a person may use an area designated pursuant to subsection 1, the person must notify the public officer or employee in control of the operation of the building governed by subsection 1 of the dates and times that the person intends to use the area to gather signatures on a petition. The public officer or employee may not deny the person the use of the area.

3. A person aggrieved by a decision made by a public officer or employee pursuant to subsection 1 may appeal the decision to the secretary of state. The secretary of state shall review the decision to determine whether the public officer or employee designated a reasonable area as required by subsection 1.

4. The decision of the secretary of state is a final decision for the purposes of judicial review. The decision of the secretary of state may only be appealed in the first judicial district court.

5. The secretary of state may adopt regulations to carry out the provisions of subsection 3.

(Added to NRS by 2001, 1347)

**NRS 293.12757 Qualification to sign petition.** A person may sign a petition required under the election laws of this state on or after the date he is deemed to be registered to vote pursuant to subsection 5 of NRS 293.517 or subsection 5 of NRS 293.5235.

(Added to NRS by 1999, 3546)

**NRS 293.12758 Receipt issued by county clerk; requirements for petition.**

1. The county clerk shall issue a receipt to any person who submits a petition for the verification of signatures or a petition, declaration of or acceptance of candidacy. The receipt must state:

(a) The number of documents submitted;

(b) The number of pages of each document; and

(c) The number of signatures which the person declares are on the petition.

2. If a petition consists of more than one document, all of the documents must be submitted to the county clerk for verification at the same time.

3. The county clerk shall not accept a petition unless each page of the petition is numbered.

4. Each signature on the petition must be signed in ink. The county clerk shall disregard any signature which is not signed in ink.

5. As used in this section, "document" includes material which is separately compiled and bound together and may consist of one or more sheets of paper.

(Added to NRS by 1993, 2664)

**NRS 293.1276 County clerk to forward number of signatures to secretary of state; notice of failure to file required number of signatures; handling of petition.**

1. Within 4 days, excluding Saturdays, Sundays and holidays, after the submission of a petition containing signatures which are required to be verified pursuant to NRS 293.128, 293.165, 293.172, 293.200, 295.056, 298.109, 306.035 or 306.110, the county clerk shall determine the total number of signatures affixed to the documents and forward that information to the secretary of state.

2.  If the secretary of state finds that the total number of signatures filed with all the county clerks is less than 100 percent of the required number of registered voters, he shall so notify the person who submitted the petition and the county clerks and no further action may be taken in regard to the petition. If the petition is a petition to recall a county, district or municipal officer, the secretary of state shall also notify the officer with whom the petition is to be filed.

3.  After the petition is submitted to the county clerk, it must not be handled by any other person except by an employee of the county clerk's office until it is filed with the secretary of state.

(Added to NRS by 1985, 1090; A 1987, 1361; 1993, 2665; 1997, 750; 1999, 2147)


**NRS 293.1277 Verification of signatures by county clerks.**

1.  If the secretary of state finds that the total number of signatures submitted to all the county clerks is 100 percent or more of the number of registered voters needed to declare the petition sufficient, he shall immediately so notify the county clerks. Within 9 days, excluding Saturdays, Sundays and holidays, after notification, each of the county clerks shall determine the number of registered voters who have signed the documents submitted in his county.

2.  If more than 500 names have been signed on the documents submitted to him, a county clerk shall examine the signatures by sampling them at random for verification. The random sample of signatures to be verified must be drawn in such a manner that every signature which has been submitted to the county clerk is given an equal opportunity to be included in the sample. The sample must include an examination of at least 500 or 5 percent of the signatures, whichever is greater.

3.  In determining from the records of registration the number of registered voters who signed the documents, the county clerk may use the signatures contained in the file of applications to register to vote. If the county clerk uses that file, he shall ensure that every application in the file is examined, including any application in his possession which may not yet be entered into his records. The county clerk shall rely only on the appearance of the signature and the address and date included with each signature in making his determination.

4.  Except as otherwise provided in subsection 6, upon completing the examination, the county clerk shall immediately attach to the documents a certificate properly dated, showing the result of his examination and transmit the documents with the certificate to the secretary of state. A copy of this certificate must be filed in the clerk's office. When the county clerk transmits the certificate to the secretary of state, the county clerk shall notify the secretary of state of the number of requests to remove a name received by the county clerk pursuant to NRS 295.055 or 306.015.

5.  A person who submits a petition to the county clerk which is required to be verified pursuant to NRS 293.128, 293.165, 293.172, 293.200, 295.056, 298.109, 306.035 or 306.110 must be allowed to witness the verification of the signatures. A public officer who is the subject of a recall petition must also be allowed to witness the verification of the signatures on the petition.

6.  For any petition containing signatures which are required to be verified pursuant to the provisions of NRS 293.165, 293.200, 306.035 or 306.110 for any county, district or municipal office within one county, the county clerk shall not transmit to the secretary of state the documents containing the signatures of the registered voters.

7.  The secretary of state may by regulation establish further procedures for carrying out the provisions of this section.

(Added to NRS by 1985, 1090; A 1987, 1361; 1993, 2665; 1995, 2257; 1997, 750; 1999, 2147; 2001, 641)


**NRS 293.1278 Qualification or disqualification of petition upon receipt of certificates or amended certificates by secretary of state.**

1.  If the certificates received by the secretary of state from all the county clerks establish that the number of valid signatures is less than 90 percent of the required number of registered voters, the petition shall be deemed to have failed to qualify, and the secretary of state shall immediately so notify the petitioners and the county clerks.

2.  If those certificates establish that the number of valid signatures is equal to or more than the sum of 100 percent of the number of registered voters needed to make the petition sufficient plus the total number of requests to remove a name received by the county clerks pursuant to NRS 295.055 or 306.015, the petition shall be deemed to qualify as of the date of receipt by the secretary of state of those certificates, and the secretary of state shall immediately so notify the petitioners and the county clerks.

3.  If the certificates establish that the petitioners have 100 percent or more of the number of registered voters needed to make the petition sufficient but the petition fails to qualify pursuant to subsection 2, each county clerk who received a request to remove a name pursuant to NRS 295.055 or 306.015 shall remove each name as requested, amend the certificate and transmit the amended certificate to the secretary of state. If the amended certificates establish that the petitioners have 100 percent or more of the number of registered voters needed to make the petition sufficient, the petition shall be deemed to qualify as of the date of receipt by the secretary of state of the amended certificates, and the secretary of state shall immediately so notify the petitioners and the county clerks.

(Added to NRS by 1985, 1091; A 1993, 2666; 2001, 642)


**NRS 293.1279 Qualification or disqualification of petition upon verification of signatures.**

1.  If the statistical sampling shows that the number of valid signatures filed is 90 percent or more, but less than the sum of 100 percent of the number of signatures of registered voters needed to declare the petition sufficient plus the total

number of requests to remove a name received by the county clerks pursuant to NRS 295.055 or 306.015, the secretary of state shall order the county clerks to examine the signatures for verification. The county clerks shall examine the signatures for verification until they determine that 100 percent of the number of signatures of registered voters needed to declare the petition sufficient are valid. If the county clerks received a request to remove a name pursuant to NRS 295.055 or 306.015, the county clerks may not determine that 100 percent of the number of signatures of registered voters needed to declare the petition sufficient are valid until they have removed each name as requested pursuant to NRS 295.055 or 306.015.

2. If the statistical sampling shows that the number of valid signatures filed in any county is 90 percent or more but less than the sum of 100 percent of the number of signatures of registered voters needed to constitute 10 percent of the number of voters who voted at the last preceding general election in that county plus the total number of requests to remove a name received by the county clerk in that county pursuant to NRS 295.055 or 306.015, the secretary of state may order the county clerk in that county to examine every signature for verification. If the county clerk received a request to remove a name pursuant to NRS 295.055 or 306.015, the county clerk may not determine that 100 percent or more of the number of signatures of registered voters needed to constitute 10 percent of the number of voters who voted at the last preceding general election in that county are valid until he has removed each name as requested pursuant to NRS 295.055 or 306.015.

3. Within 12 days, excluding Saturdays, Sundays and holidays, after receipt of such an order, the clerk shall determine from the records of registration what number of registered voters have signed the petition. If necessary, the board of county commissioners shall allow the county clerk additional assistants for examining the signatures and provide for their compensation. In determining from the records of registration what number of registered voters have signed the petition, the clerk may use any file or list of registered voters maintained by his office or facsimiles of voters' signatures. The county clerk may rely on the appearance of the signature and the address and date included with each signature in determining the number of registered voters that signed the petition.

4. Except as otherwise provided in subsection 5, upon completing the examination, the county clerk shall immediately attach to the documents of the petition an amended certificate properly dated, showing the result of the examination and shall immediately forward the documents with the amended certificate to the secretary of state. A copy of the amended certificate must be filed in the county clerk's office.

5. For any petition containing signatures which are required to be verified pursuant to the provisions of NRS 293.165, 293.200, 306.035 or 306.110 for any county, district or municipal office within one county, the county clerk shall not forward to the secretary of state the documents containing the signatures of the registered voters.

6. Except for a petition to recall a county, district or municipal officer, the petition shall be deemed filed with the secretary of state as of the date on which he receives certificates from the county clerks showing the petition to be signed by the requisite number of voters of the state.

7. If the amended certificates received from all county clerks by the secretary of state establish that the petition is still insufficient, he shall immediately so notify the petitioners and the county clerks. If the petition is a petition to recall a county, district or municipal officer, the secretary of state shall also notify the officer with whom the petition is to be filed.

(Added to NRS by 1985, 1091; A 1985, 551; 1987, 1362; 1993, 2666; 1997, 751; 1999, 2148; 2001, 642)

**NRS 293.12793  Appeal with secretary of state contesting verification of votes; notification of public officer who is subject of petition to recall; consideration and investigation of allegations.**

1. If the secretary of state determines that the total number of signatures that the county clerks have certified pursuant to NRS 293.1277 or 293.1279 is less than 100 percent of the number of registered voters needed to make the petition sufficient, the person who submitted the petition may contest the verification of the signatures by filing an appeal with the secretary of state. The appeal must:

(a) Be filed within 5 working days after receipt of notification of the determination of the secretary of state;

(b) Include each reason for the appeal; and

(c) Include a statement of the number of signatures, if any, that the county clerk determined were invalid.

2. The secretary of state shall:

(a) If the petition was circulated pursuant to chapter 306 of NRS, immediately notify the public officer who is the subject of the petition of the appeal by the person who submitted the petition; and

(b) Consider the allegations and conduct an investigation, if necessary.

(Added to NRS by 1993, 2664; A 1997, 752; 1999, 3546)

**NRS 293.12795  Action by secretary of state upon review of appeal; judicial review of decision of secretary of state.**

1. If an appeal is based upon the results of the verification of signatures on a petition performed pursuant to NRS 293.1277 or 293.1279, the secretary of state shall:

(a) If he finds for the appellant, order the county clerk to recertify the petition, including as verified signatures all contested signatures which the secretary of state determines are valid. If the county clerk has not yet removed each name as requested pursuant to NRS 295.055 or 306.015, the county clerk shall do so before recertifying the petition.

(b) If he does not find for the appellant, notify the appellant and the county clerk that the petition remains insufficient.

2. If the secretary of state is unable to make a decision on the appeal based upon the documents submitted to him, the secretary of state may order the county clerk to reverify the signatures.

3.  The decision of the secretary of state is a final decision for the purposes of judicial review. The decision of the secretary of state may only be appealed in the first judicial district court.

(Added to NRS by 1993, 2664; A 2001, 643)


**NRS 293.163  Selection of delegates and alternates to national party convention and members of national committee by state convention in presidential election year.**

1.  In presidential election years, on the call of a national party convention, but one set of party conventions and but one state convention shall be held on such respective dates and at such places as the state central committee of the party shall designate. If no earlier dates are fixed, the state convention shall be held 30 days prior to the date set for the national convention and the county conventions shall be held 60 days prior to the date set for the national convention.

2.  Delegates to such conventions shall be selected in the same manner as prescribed in NRS 293.130 to 293.160, inclusive, except as to time, and each convention shall have and exercise all of the power granted it under NRS 293.130 to 293.160, inclusive. In addition to such powers granted it, the state convention shall select the necessary delegates and alternates to the national convention of the party, and, if consistent with the rules and regulations of the party, shall select the national committeeman and committeewoman of the party from the State of Nevada.

(Added to NRS by 1960, 242; A 1995, 2623)


**NRS 293.165  Procedure for filling vacancy in major or minor political party nomination or nonpartisan nomination.**

1.  Except as otherwise provided in NRS 293.166, a vacancy occurring in a major or minor political party nomination for a partisan office may be filled by a candidate designated by the party central committee of the county or state, as the case may be, subject to the provisions of subsections 4 and 5.

2.  A vacancy occurring in a nonpartisan nomination after the close of filing and on or before the second Tuesday in August must be filled by filing a nominating petition that is signed by registered voters of the state, county, district or municipality who may vote for the office in question. The number of registered voters who sign the petition must not be less than 1 percent of the number of persons who voted for the office in question in the state, county, district or municipality at the last preceding general election. The petition must be filed not earlier than the first Tuesday in June and not later than the fourth Tuesday in August. The petition may consist of more than one document. Each document must bear the name of one county and must be signed only by a person who is a registered voter of that county and who may vote for the office in question. Each document of the petition must be submitted for verification pursuant to NRS 293.1276 to 293.1279, inclusive, to the county clerk of the county named on the document. A candidate nominated pursuant to the provisions of this subsection:

(a) Must file a declaration of candidacy or acceptance of candidacy and pay the statutory filing fee on or before the date the petition is filed; and

(b) May be elected only at a general election and his name must not appear on the ballot for a primary election.

3.  A vacancy occurring in a nonpartisan nomination after the second Tuesday in August and on or before the second Tuesday in September must be filled by the person who receives the next highest vote for the nomination in the primary.

4.  No change may be made on the ballot after the second Tuesday in September of the year in which the general election is held. If a nominee dies after that date, his name must remain on the ballot and, if elected, a vacancy exists.

5.  All designations provided for in this section must be filed before 5 p.m. on the second Tuesday in September. In each case, the statutory filing fee must be paid and an acceptance of the designation must be filed before 5 p.m. on the date the designation is filed.

(Added to NRS by 1960, 242; A 1965, 668; 1967, 845; 1971, 437; 1981, 1698; 1989, 2159; 1993, 2174; 1995, 2774; 1999, 2149, 3547; 2001, 274, 2947)


**NRS 293.166  Procedure for filling vacancy in party nomination for office of state senator or assemblyman from multi-county legislative district.**

1.  A vacancy occurring in a party nomination for the office of state senator or assemblyman from a legislative district comprising more than one county may be filled as follows, subject to the provisions of subsections 2 and 3. The county commissioners of each county, all or part of which is included within the legislative district, shall meet to appoint a person who is of the same political party as the former nominee and who actually, as opposed to constructively, resides in the district to fill the vacancy, under the chairmanship of the chairman of the board of county commissioners of the county whose population residing within the district is the greatest. Each board of county commissioners shall first meet separately and determine the single candidate it will nominate to fill the vacancy. Then, the boards shall meet jointly and the chairmen on behalf of the boards shall cast a proportionate number of votes according to the percent, rounded to the nearest whole percent, which the population of its county is of the population of the entire district. Populations must be determined by the last decennial census or special census conducted by the Bureau of the Census of the United States Department of Commerce. The person who receives a plurality of these votes is appointed to fill the vacancy. If no person receives a plurality of the votes, the boards of county commissioners of the respective counties shall each as a group select one candidate, and the nominee must be chosen by drawing lots among the persons so selected.

2.  No change may be made on the ballot after the second Tuesday in September of the year in which the general election is held. If a nominee dies after that date, his name must remain on the ballot and, if elected, a vacancy exists.

3.  The designation of a nominee pursuant to this section must be filed with the secretary of state before 5 p.m. of the second Tuesday in September, and the statutory filing fee must be paid with the designation.

(Added to NRS by 1967, 1087; A 1971, 437; 1981, 1699; 1989, 2159; 1999, 2150)

**NRS 293.167  Nomination of party candidates for United States Senator or Representative in Congress.** Party candidates for United States Senator and Representative in Congress shall be nominated in the same manner as state officers are nominated.    (Added to NRS by 1960, 242)

## MINOR POLITICAL PARTIES

**NRS 293.171  Procedure for qualification.**

1.  To qualify as a minor political party, an organization must file with the secretary of state a certificate of existence which includes the:

(a) Name of the political party;

(b) Names of its officers;

(c) Names of the members of its executive committee; and

(d) Name of the person authorized to file the list of its candidates for partisan office with the secretary of state.

2.  A copy of the constitution or bylaws of the party must be affixed to the certificate.

3.  A minor political party shall file with the secretary of state an amended certificate of existence within 5 days after any change in the information contained in the certificate.

4.  The constitution or bylaws of a minor political party must provide a procedure for the nomination of its candidates in such a manner that only one candidate may be nominated for each office.

5.  A minor political party whose candidates for partisan office do not appear on the ballot for the general election must file a notice of continued existence with the secretary of state not later than the second Friday in August preceding the general election.

6.  A minor political party which fails to file a notice of continued existence as required by subsection 5 ceases to exist as a minor political party in this state.

(Added to NRS by 1987, 1359; A 1989, 2160; 1999, 3548)

**NRS 293.1715  Procedure to place candidates' names on ballot; limitation on number of candidates to appear on ballot.**

1.  The names of the candidates for partisan office of a minor political party must not appear on the ballot for a primary election.

2.  The names of the candidates for partisan office of a minor political party must be placed on the ballot for the general election if the party has filed a certificate of existence and a list of its candidates for partisan office pursuant to the provisions of NRS 293.1725 with the secretary of state and:

(a) At the last preceding general election, the minor political party polled for any of its candidates for partisan office a number of votes equal to or more than 1 percent of the total number of votes cast for the offices of Representative in Congress;

(b) On January 1 preceding a primary election, the minor political party has been designated as the political party on the applications to register to vote of at least 1 percent of the total number of registered voters in this state; or

(c) Not later than the second Friday in August preceding the general election, files a petition with the secretary of state which is signed by a number of registered voters equal to at least 1 percent of the total number of votes cast at the last preceding general election for the offices of Representative in Congress.

3.  The name of a candidate for partisan office for a minor political party other than a candidate for the office of President or Vice President of the United States must be placed on the ballot for the general election if the party has filed:

(a) A certificate of existence;

(b) A list of candidates for partisan office containing the name of the candidate pursuant to the provisions of NRS 293.1725 with the secretary of state; and

(c) Not earlier than the first Monday in May preceding the general election and not later than 5 p.m. on the third Monday in May, a petition on behalf of the candidate with the secretary of state containing not less than:

(1) Two hundred fifty signatures of registered voters if the candidate is to be nominate for a statewide office; or

(2) One hundred signatures of registered voters if the candidate is to be nominated for any office except a statewide office.

A minor political party that places names of one or more candidates for partisan office on the ballot pursuant to this subsection may also place the names of one or more candidates for partisan office on the ballot pursuant to subsection 2.

4.  The name of only one candidate of each minor political party for each partisan office may appear on the ballot for a general election.

5.  A minor political party must file a copy of the petition required by paragraph (c) of subsection 2 or paragraph (c) of subsection 3 with the secretary of state before the petition may be circulated for signatures.

(Added to NRS by 1987, 1360; A 1989, 2160; 1993, 2174; 1995, 2259; 1999, 1389, 3548)


**NRS 293.172  Contents of petition required to place candidates' names on ballot; limitation on who may sign petition; requirements for signing.**

1.  A petition filed pursuant to subsection 2 or 3 of NRS 293.1715 may consist of more than one document. Each document of the petition must:

(a) Bear the name of the minor political party and, if applicable, the candidate and office to which the candidate is to be nominated.

(b) Include the affidavit of the person who circulated the document verifying that the signers are registered voters in this state according to his best information and belief and that the signatures are genuine and were signed in his presence.

(c) Bear the name of a county and be submitted to the county clerk of that county for verification in the manner prescribed in NRS 293.1276 to 293.1279, inclusive, not later than 25 working days before the last day to file the petition. A challenge to the form of a document must be made in a district court in the county that is named on the document.

(d) Be signed only by registered voters of the county that is named on the document.

2.  If the office to which the candidate is to be nominated is a county office, only the registered voters of that county may sign the petition. If the office to which the candidate is to be nominated is a district office, only the registered voters of that district may sign the petition.

3.  Each person who signs a petition shall also provide the address of the place where he resides, the date that he signs and the name of the county in which he is registered to vote.

4.  The county clerk shall not disqualify the signature of a voter who failed to provide all the information required by subsection 3 if the voter is registered in the county named on the document.

(Added to NRS by 1987, 1360; A 1993, 2667; 1999, 1390, 3549)


**NRS 293.1725  Candidates: Submission of list to secretary of state; filing of declaration of candidacy and certificate of nomination.**

1.  Except as otherwise provided in subsection 4, a minor political party that wishes to place its candidates for partisan office on the ballot for a general election and:

(a) Is entitled to do so pursuant to paragraph (a) or (b) of subsection 2 of NRS 293.1715;

(b) Files a petition pursuant to paragraph (c) of subsection 2 of NRS 293.1715; or

(c) Whose candidates are entitled to appear on the ballot pursuant to subsection 3 of NRS 293.1715,

must file with the secretary of state a list of its candidates for partisan office not earlier than the first Monday in May preceding the election nor later than 5 p.m. on the third Monday in May. The list must be signed by the person so authorized in the certificate of existence of the minor political party before a notary public or other person authorized to take acknowledgments. The secretary of state shall strike from the list each candidate who is not entitled to appear on the ballot pursuant to subsection 3 of NRS 293.1715 if the minor political party is not entitled to place candidates on the ballot pursuant to subsection 2 of NRS 293.1715. The list must not be amended after it is filed.

2.  The secretary of state shall immediately forward a certified copy of the list of candidates for partisan office of each minor political party to the filing officer with whom each candidate must file his declaration of candidacy.

3.  Each candidate on the list must file his declaration of candidacy with the appropriate filing officer and pay the fee required by NRS 293.193 not earlier than the date on which the list of candidates for partisan office of his minor political party is filed with the secretary of state nor later than 5 p.m. on the third Monday in May.

4.  A minor political party that wishes to place candidates for the offices of President and Vice President of the United States on the ballot and has qualified to place the names of its candidates for partisan office on the ballot for the general election pursuant to subsection 2 of NRS 293.1715 must file with the secretary of state a certificate of nomination for these offices not later than the first Tuesday in September.

(Added to NRS by 1987, 1360; A 1989, 2161; 1993, 2175; 1997, 316; 1999, 1391, 3550)


**NRS 293.174  Challenge of qualification.**

1.  If the qualification of a minor political party is challenged, all affidavits and documents in support of the challenge must be filed not later than 5 p.m. on the third Friday in August. Any judicial proceeding resulting from the challenge must be set for hearing not more than 5 days after the third Friday in August. A challenge pursuant to this subsection must be filed with the first judicial district court if the petition was filed with the secretary of state.

2.  If the qualification of a candidate of a minor political party other than a candidate for the office of President or Vice President of the United States is challenged, all affidavits and documents in support of the challenge must be filed not later than 5 p.m. on the fourth Monday in May. Any judicial proceeding resulting from the challenge must be set for hearing not more than 5 days after the fourth Monday in May. A challenge pursuant to this subsection must be filed with:

(a) The first judicial district court; or

(b) If a candidate who filed a declaration of candidacy with a county clerk is challenged, the district court for the county where the declaration of candidacy was filed.

(Added to NRS by 1987, 1361; A 1999, 1392)


## NOMINATIONS


**NRS  293.175  Date  of  primary  election;  nomination  of  candidates;  applicability  of  provisions  governing nominations.**

1.  The primary election must be held on the first Tuesday of September in each even-numbered year.

2.  Candidates for partisan office of a major political party and candidates for nonpartisan office must be nominated at the primary election.

3.  Candidates for partisan office of a minor political party must be nominated in the manner prescribed pursuant to NRS 293.171 to 293.174, inclusive.

4.  Independent candidates for partisan office must be nominated in the manner provided in NRS 293.200.

5.  The provisions of NRS 293.175 to 293.203, inclusive, do not apply to:

(a) Special elections to fill vacancies.

(b) The nomination of the officers of incorporated cities.

(c) The nomination of district officers whose nomination is otherwise provided for by statute.

(Added to NRS by 1960, 243; A 1963, 1387; 1983, 1116; 1985, 268; 1987, 1366; 1989, 226; 1999, 1392, 3550; 2001, 672)


**NRS  293.1755  Residency  requirements  for  candidates;  penalty  for  knowingly  and  willfully  making  false statement concerning residency on declaration or acceptance of candidacy; exception.**

1.  In addition to any other requirement provided by law, no person may be a candidate for any office unless, for at least the 30 days immediately preceding the date of the close of filing of declarations of candidacy or acceptances of candidacy for the office which he resides, he has, in accordance with NRS 281.050, actually, as opposed to constructively, resided in the state, district, county, township or other area prescribed by law to which the office pertains and, if elected, over which he will have jurisdiction or which he will represent.

2.  Any person who knowingly and willfully files an acceptance of candidacy or declaration of candidacy which contains a false statement in this respect is guilty of a gross misdemeanor.

3.  The provisions of this section do not apply to candidates for the office of district attorney.

(Added to NRS by 1975, 617; A 1983, 1103; 1989, 2161; 1997, 3447; 1999, 2151; 2001, 673)


## CHAPTER 295 - INITIATIVE AND REFERENDUM


**NRS 295.015  Copy of petition for initiative to be filed with secretary of state before presentation of petition to voters for signatures.**  A copy of a petition for initiative must be placed on file in the office of the secretary of state before it may be presented to the registered voters for their signatures.

(Added to NRS by 1963, 1384; A 1981, 12; 1985, 1112)


**NRS 295.035  Petition for initiative proposing amendment to constitution: Secretary of state to use same number for identification of petition when submitted at successive elections.**  If the initiative petition proposes an amendment to the constitution, in resubmitting the initiative to the voters, the secretary of state shall use the same identifying number or other identification used for the first submission.

(Added to NRS by 1963, 1384; A 1973, 332; 1985, 550)


**NRS 295.045  Petition for referendum: Filing; submission to voters at general election.**

1.  A copy of a petition for referendum must be placed on file in the office of the secretary of state before it may be presented to the registered voters for their signatures.

2.  A petition for referendum must be filed with the secretary of state not less than 120 days before the date of the next succeeding general election.

3.  The secretary of state shall certify the questions to the county clerks, and they shall publish them in accordance with the provisions of law requiring county clerks to publish questions and proposed constitutional amendments which are to be submitted for popular vote.

4.  The title of the statute or resolution must be set out on the ballot, and the question printed upon the ballot for the information of the voters must be as follows: "Shall the statute (setting out its title) be approved?"

5.  Where a mechanical voting system is used, the title of the statute must appear on the list of offices and candidates and the statements of measures to be voted on and may be condensed to no more than 25 words.

6.  The votes cast upon the question must be counted and canvassed as the votes for state officers are counted and canvassed.

(Added to NRS by 1963, 1383; A 1977, 247; 1979, 268; 1981, 13; 1985, 1112)


**NRS 295.055  Petition for initiative or referendum: Regulations specifying format; each document of petition limited to voters of single county; removal of name from petition.**

1.  The secretary of state shall by regulation specify:

(a) The format for the signatures on a petition for an initiative or referendum and make free specimens of the format available upon request. Each signature must be dated.

(b) The manner of fastening together several sheets circulated by one person to constitute a single document.

2.  Each document of the petition must bear the name of a county, and only registered voters of that county may sign the document.

3.  A person who signs a petition may remove his name from it by transmitting his request in writing to the county clerk at any time before the petition is filed with the county clerk.     (Added to NRS by 1963, 1385; A 1985, 550; 1987, 1374)

# *Pertinent Sections of the*

# NEVADA ADMINISTRATIVE CODE (NAC)

**NAC 293.182 Requirements for individual documents of certain petitions. (**NRS 293.124**, 293.247)**

1.  If a petition consists of more than one document, each of those documents must, in addition to any other requirements:

(a) Contain sequentially numbered spaces for:

(1) The name of each person signing the petition;

(2) The signature of the person;

(3) The residential address of the person;

(4) The name of the county where the person is a registered voter; and

(5) The date of the signature.

(b) Have attached to it, when filed, an affidavit signed by the person who circulated the document in substantially the following form:

STATE OF NEVADA
COUNTY OF _____

I,_____ , (print name), being first duly sworn under penalty of perjury, depose and say: (1) that I reside at    (print street, city and state); (2) that I am 18 years of age or older; (3) that I personally circulated this document; (4) that all signatures were affixed in my presence; (5) that I believe them to be genuine signatures; and (6) that I believe each person who signed was at the time of signing a registered voter in the county of his residence.

_____
Signature of circulator

Subscribed and sworn to or affirmed
before me this_____ day of_____ ,_____ .

_____
Notary public or other person licensed
   to administer an oath

2.  Any document of a petition may consist of more than one sheet. If a document consists of more than one sheet:

(a) Each sheet must be numbered sequentially;

(b) All the sheets must be permanently attached in numerical order; and

 (c) The affidavit required by paragraph (b) of subsection 1 must appear on the last sheet of the document.

3.  As used in this section, "petition" means a petition containing signatures which are required to be verified pursuant to NRS 293.128, 293.165, 293.172, 293.200, 298.109, 306.035 or 306.110.

(Added to NAC by Sec'y of State, eff. 3-15-96; A by R013-00, 4-4-2000)



**FILED**
IN THE OFFICE OF THE
SECRETARY OF STATE OF THE
STATE OF NEVADA

DEC 0 1 1999

STATE OF NEVADA
## OFFICE OF THE ATTORNEY GENERAL
100 North Carson Street
Carson City, Nevada  89701-4717
Telephone (775) 684-1100
Fax (775) 684-1108
WEBSITE:  http://www.state.nv.us
E-Mail:  aginfo@govmail.state.nv.us

FRANKIE SUE DEL PAPA
*Attorney General*

Writer's Direct Dial (775) 684-1218

THOMAS M. PATTON
*First Assistant Attorney General*

December 1, 1999

OPINION NO. 99-37

CONSTITUTIONAL LAW; ELECTIONS;
INITIATIVE; RECALL PETITIONS;
REFERENDUM: Nevada provisions requiring
petition circulators to be registered voters
violate the U.S. Constitution and should be
amended. Nevada is prohibited from requiring
petition groups from listing the name, address,
and amount paid to each petition circulator.
Reporting the amount paid per petition
signature or the total amount paid to petition
circulators is permissible.

Pamela Crowell
Deputy Secretary of State for Elections
Office of the Secretary of State
101 North Carson Street, Suite 3
Carson City, Nevada 89701-4786

Dear Ms. Crowell:

You have requested an opinion from this office regarding the impact of a recent United
States Supreme Court case on the signature gathering process for petitions in this state.

### QUESTION ONE

Does the United States Supreme Court decision, *Buckley v. American Constitutional Law
Foundation (ACLF),* 525 U.S. 182 (1999) impact the provision governing the initiative petition
process as mandated by the Nevada Constitution and Nevada election law?

*PROTECTING CITIZENS, SOLVING PROBLEMS, MAKING GOVERNMENT WORK*

Pamela Crowell
December 1, 1999
Page 2

## ANALYSIS

The Nevada Constitution, as well as certain provisions of the Nevada Revised Statutes dealing with election law, has traditionally been interpreted to require the circulator of an initiative petition be a registered voter.[1]  However, the United States Supreme Court recently held in *Buckley v. ACLF*, that a similar Colorado law violated the First Amendment of the United States Constitution and was therefore unconstitutional.

In *Buckley v. ACLF* the Court reviewed three conditions placed on the ballot initiative process by Colorado statutes: "(1) the requirement that initiative-petition circulators be registered voters, . . .; (2) the requirement that they wear an identification badge bearing the circulator's name, . . . ; and (3) the requirement that proponents of an initiative report the names and addresses of all paid circulators and the amount paid to each circulator, . . ." *Buckley v. ACLF*, 525 U.S. at ___, 119 S. Ct. at 639.  The Court affirmed the judgment of the U.S. Court of Appeal that struck down these three requirements for "trenching unnecessarily and improperly on political expression." *Buckley v. ACLF*, 525 U.S. at ___, ___ 119 S. Ct. at 649, 642.[2]

A background inquiry into the treatment of election regulations[3] shows that the Supreme Court has recognized the state's interest in preserving the integrity of the electoral process, upholding "generally-applicable and evenhanded restrictions." *Anderson v. Celebrezze*, 460 U.S. 780, 788 n. 9 (1983). While not advocating unregulated access to the ballot, the Supreme Court has struck down regulations which were deemed to place too great a burden on the individual's free exercise of speech. *See Meyer v. Grant*, 486 U.S. 414 (1988) (striking down a law which prohibited payment to petition circulators) (Nevada has no such law); *McIntyre v. Ohio Elections Com'n*, 514 U.S. 334 (1995) (invalidating law which prohibited anonymous election-related hand billing).

The Supreme Court's recent decision in *Buckley v. ACLF* guides our review on the issue before us. In that case, the Supreme Court determined that petition circulation is core political speech and found that a restriction that required petition circulators to be registered voters violated the First Amendment because it "significantly inhibits communication with voters about proposed political change, and [is] not warranted by the state interests (administrative efficiency,

---

[1]  Nev. Const. art. 19, § 3; NRS 295.055(2).

[2]  The holding in *Buckley v. ACLF* was based on First Amendment principles. However, the U.S. Court of Appeals recognized that "when a statute allows some people to speak but not others, the principles of equal protection and free speech are intertwined." *ACLF v. Meyer*, 120 F.3d 1092, 1100 (10th Cir. 1997).

[3]  For purposes of this opinion, "election regulations" include the state constitution, state statutes, and state administrative regulations.

Pamela Crowell
December 1, 1999
Page 3

fraud detection, informing voters) alleged to justify those restrictions." *Id.* at 642. Agreeing with *Meyer*, the Court stated, "Petition circulation . . . is 'core political speech,' because it involves 'interactive communication concerning political change.'" *Id.* at 639.

One of the Colorado statutes at issue in *Buckley v. ACLF* provided: "No section of a petition for any initiative or referendum measure shall be circulated by any person who is not a registered elector and at least eighteen years of age at the time the section is circulated." Colo. Rev. Stat. § 1-40-112(1)(1998). Although Nevada law does not contain such explicit language, it has traditionally been interpreted to require petition circulators to be registered voters. For example, that part of the state constitution governing initiative petitions provides:

> Each signer shall affix thereto his or her signature, residence
> address and the name of the county in which he or she is a
> registered voter. The petition may consist of more than one
> document, but each document shall have affixed thereto an affidavit
> made by one of the signers of such document to the effect that all of
> the signatures are genuine and that each individual who signed such
> document was at the time of signing a registered voter in the county
> of his or her residence . . . .

Nev. Const. art. 19, § 3.

Through a somewhat circuitous route, this provision has traditionally been interpreted as requiring petition circulators be registered voters. Each petition must be circulated by an individual designated to collect signatures. Each signer of the petition must be a registered voter. Accompanying each petition must be an affidavit, made by a signer of the petition (i.e., the circulator) attesting that all of the signatures are genuine and that each signer was a registered voter.

The petition circulator is the individual responsible for gathering signatures, explaining the purpose of the petition, and obtaining the signatures of those qualified to sign the document. Despite its seemingly elusive nature, once analyzed, the traditional interpretation of this section of the constitution has been to require that petition circulators be registered voters. The signer of the affidavit can be the petition circulator because the petition circulator is in the best position to attest to the statements in the affidavit. The signer of the affidavit must also sign the petition and only registered voters may sign the petition. Therefore, the petition circulator was required to be a registered voter. Further, there is a provision in Nevada statutes that also requires signers of an

Pamela Crowell
December 1, 1999
Page 4

initiative petition, like the circulator, to be a registered voter.[4]  In light of the Supreme Court's decision in *Buckley v. ACLF*, Nevada's requirement that petition circulators be registered voters would be similarly treated and thereby deemed invalid.

To evaluate the constitutionality of laws regulating the electoral process, we look to the framework established by the Supreme Court in *Timmons*:

> When deciding whether a state election law violates First and Fourteenth Amendment associational rights, we weigh the "character and magnitude" of the burden the State's rule imposes on those rights against the interests the State contends justify that burden, and consider the extent to which the State's concerns make the burden necessary. Regulations imposing severe burdens on plaintiffs' rights must be narrowly tailored and advance a compelling state interest. Lesser burdens, however, trigger less exacting review, and a State's "important regulatory interests" will usually be enough to justify "reasonable, nondiscriminatory restrictions."

*Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358 (1997) (citations omitted) (prohibiting individual from appearing on ballot as candidate of more than one party).

The states clearly have a substantial interest in preserving fairness, order, and integrity in the election process through enacting reasonable regulations. However, regulations that implicate the First Amendment protections are subject to strict scrutiny, i.e. these regulations must be narrowly tailored and advance a compelling state interest that justifies imposing severe burdens on one's First Amendment rights. The Supreme Court has found that the regulation at issue in *Buckley v. ACLF* places a substantial burden on the individual's freedom of expression without sufficient justification from the state. In a similar analysis in *Meyer*, the Supreme Court applied strict scrutiny to strike down another Colorado law that made it a felony to compensate petition circulators. *Meyer v. Grant*, 486 U.S. at 423.

In *Meyer*, the Court reasoned that such a ban on compensation burdened political expression because it reduced the number of potential speakers and limited the size of the audience that could be reached, thereby reducing the quantity of expression. *Id*. at 422-423. The state could not sufficiently justify its interest in placing such a burden on an individual. *Id*. at 425.

---

[4]  "Each document of the petition must bear the name of a county, and only registered voters of that county may sign the document." NRS 295.055(2).

Pamela Crowell
December 1, 1999
Page 5

Additionally, "statutes that limit the power of the people to initiate legislation are to be closely scrutinized and narrowly construed." *Meyer v. Grant*, 486 U.S. at 423. The voter registration requirement at issue excludes a certain group of people from participating in the political process. *Buckley v. ACLF* provides clear precedent that such a restriction limits political expression and has a discriminatory effect by excluding a group of persons from participating in core political speech. *See Meyer v. Grant*, 486 U.S. at 421-422. The Supreme Court has held that the voter registration requirement is not narrowly tailored to advance the state's interests nor are the state's interests substantial enough to justify such a burden on the individual's freedom of expression. *Buckley v. ACLF*, 525 U.S. at ___, 119 S.Ct. at 644. Nevada can preserve the integrity of the signature gathering process on an initiative petition through less restrictive means, such as requiring that all petition circulators be 18 years of age and be residents of the state, and so attest in the affidavit. *Id,* at 644-645 n.10.

Although the voter registration provision at issue before us is contained in the state constitution, it is still subject to strict scrutiny. Colorado's voter registration requirement for petition circulators was adopted by constitutional amendment as a result of a referendum approved by the people. *ACLF v. Meyer*, 870 F.Supp. 995, 1002 (D. Colo. 1994). The district court found that such a restriction "limits the number of persons available to circulate . . . and, accordingly, restricts core political speech." *Id.* However, the court erroneously upheld the law, exempting it from any level of scrutiny because it had been adopted as a constitutional amendment. *Id.* The U.S. Court of Appeals properly reversed the district court and struck down the voter registration requirement finding "it unconstitutionally impinges on free expression." *ACLF v. Meyer*, 120 F.3d at 1100. State laws are not to escape scrutiny simply because they are cloaked within the protection of the state constitution. *Id.* ("the voters may no more violate the United States Constitution by enacting a ballot issue than the general assembly may by enacting legislation").

In sum, the *Buckley v. ACLF* decision requires us to conclude that a state law that limits petition circulation to registered voters imposes a burden on political expression in violation of the First and Fourteenth Amendments. The restriction burdens expression by not only limiting the number of people available to circulate a petition and reducing the size of the audience, but by taking away an individual's right to choose not to register, yet remain politically active. *Buckley v. ACLF*, 525 U.S. at ___, 119 S. Ct at 644 (reasoning that the choice not to register to vote implicates political thought and expression).

The State of Nevada cannot assert any greater interest in requiring its petition circulators to be registered voters than those asserted by Colorado. Therefore, the holding of the Supreme Court applies with equal force to the provisions governing the initiative petition process as mandated by the Nevada Constitution as well as Nevada election law. Guided by *Buckley v.*

Pamela Crowell
December 1, 1999
Page 6

*ACLR*, Nevada law cannot require petition circulators to be registered voters, and any provisions of the state constitution or election law must comply with this mandate.

## CONCLUSION TO QUESTION ONE

The United States Supreme Court decision, *Buckley v. ACLF*, applies to the Nevada provisions requiring initiative petition circulators to be registered voters, and based upon this decision these provisions violate the First and Fourteenth Amendments of the U.S. Constitution and are therefore unenforceable or invalid.

## QUESTION TWO

Provided the *Buckley v. ACLF* decision does impact Nevada's initiative petition process, what is the impact on the process for other petitions?

## ANALYSIS

*Buckley v. ACLF* guides our review in determining whether the voter registration requirement for petition circulators is invalid as applied to other petitions in Nevada. It is our opinion that the voter registration requirement for petition circulators is an invalid restriction for all ballot-access petitions in Nevada.[5]

Analyzing these petitions under the canopy of *Buckley v. ACLF*, it is clear that the voter registration requirement for petition circulators at issue is invalid because of the burden it places on political expression, not because of the type of petition involved. It is the act of circulating the petition which the Supreme Court has deemed important enough to invoke the protection of the First and Fourteenth Amendments. Petition circulation has been found to be core political speech because it involves "both the expression of a desire for political change and a discussion of the merits of the proposed change." *Meyer v. Grant*, 486 U.S. at 421. Petition circulation implicates these compelling interests without regard to the type of petition being circulated. *See Buckley v. ACLF*, 525 U.S. at ___, 119 S. Ct. at 651, J. Thomas, concurring in the judgment, ("the aim of a petition is to secure political change, and the First Amendment, by way of the Fourteenth Amendment, guards against the State's efforts to restrict free discussions about matters of public concern").

---

[5] This analysis applies to all petitions in Nevada, for example, referendum (Nev. Const. art. 19, § 3, NRS 295.055), major political party (NRS 293.128), minor political party or minor political party candidate (NRS 293.172), independent candidate (NRS 293.200), county initiative or referendum (NRS 295.095(6) and 295.150), municipal initiative and referendum (NRS 295.205), Presidential independent candidate (NRS 298.109), recall (Nev. Const. art. 2, § 9, NRS 306.030), and recall nomination (NRS 306.110).

Pamela Crowell
December 1, 1999
Page 7

Each of these petitions require that an affidavit be attached, signed by the circulator of the petition declaring that the signatures are genuine and that the petition is signed only by registered voters. The voter registration requirement for petition circulators is present for each ballot-access petition in Nevada. This requirement is unconstitutional as to all petitions, as evaluated under the *Buckley v. ACLF* standard. It is the classification of the speech involved that demands constitutional protection. Because petition circulation involves interactive communication about political change, it is "core political speech" and First Amendment protection is "at its zenith." *Buckley v. ACLF*, 525 U.S. at ___, 119 S. Ct. at 639-40 (citing *Meyer*, 486 U.S. at 422-25).

## CONCLUSION TO QUESTION TWO

The voter registration requirement for petition circulators is invalid as applied to any ballot access petition in Nevada, applying the *Buckley v. ACLF* standard.

## QUESTION THREE

If there is an impact on Nevada's petition processes, what will be necessary to achieve compliance?

## ANALYSIS

In order to be compliant with the holding in *Buckley v. ACLF*, the provisions of the Nevada election law that require the petition circulator to be a registered voter can be amended by the Legislature in the next session to reflect the Supreme Court's decision. This office hereby offers to work with you to draft proposed legislation to be submitted to the Legislature. The provision governing initiative and referendum in the Nevada Constitution poses a larger problem and should also be addressed by the Legislature in the next session. Those provisions in the Nevada Administrative Code that need to be changed can and should be accomplished shortly, without waiting for the legislature to meet.

Examining each of the petitions mentioned in this opinion, we make the following recommendations.

- Initiative Petitions – The relevant provisions governing initiative petitions are article 19, section 3(1) of the Nevada Constitution, NRS 295.055, and NAC 295.020(2). These provisions must be read so as not to conflict with the United States Constitution and therefore may no longer be interpreted as requiring the petition circulator to be a registered voter. At the very least NAC 295.020(2) should be amended to reflect this fact.

*PROTECTING CITIZENS, SOLVING PROBLEMS, MAKING GOVERNMENT WORK*

Pamela Crowell
December 1, 1999
Page 8

- Referendum Petitions – Referendum petitions are governed by the same provisions as initiative petitions and we make the same recommendation.
- Independent Candidate for President – The relevant provisions for this petition are NRS 298.109(2) and NAC 293.182(1)(b). The statute can be interpreted to be consistent with *Buckley v. ACLF*, and the regulation needs to be amended to also be consistent.
- Major Party – The relevant provisions for this petition are NRS 293.128(2) and NAC 293.182(1)(b). The statute must be amended, but the regulation is fine.
- Minor Party – The relevant provisions are NRS 293.172(1)(b) and NAC 293.182(1)(b). The statute is fine, but the regulation must be amended.
- Independent Candidate – NRS 293.200(2) and NAC 293.182(1)(b) are the relevant provisions for this petition. NRS 293.200(2) was amended by the 1999 Legislature to bring it into compliance with *Buckley v. ACLF*. Act of June 11, 1999, ch. 637, § 13, 1999 Nev. Stat. 3552. The regulation must be amended.
- County Initiative and Referendum – The relevant provisions for these petitions are NRS 295.095(6), NRS 295.150, and NAC 295.020(3)(c). NRS 295.095(6) and NAC 295.020(3)(c) are fine, but NRS 295.150 needs to be amended.
- Municipal Initiative and Referendum – The relevant provisions are NRS 295.205(6) and NAC 295.020(3)(c). These provisions are fine.
- Recall – Recall petitions are governed by article 2, section 9 of the Nevada Constitution and NRS 306.030(2). Both of these provisions can be interpreted to be consistent with *Buckley v. ACLF*.
- Recall Nomination – This petition is governed by NRS 306.110 and is fine.

You may want to suggest to the Legislature that a provision be added to Title 24 of NRS clarifying that no petition circulator must be a registered voter. Another policy decision for the Legislature is whether the affidavit should be signed by the circulator or a signer of the petition if the circulator is not a registered voter. If the circulator is to sign the affidavit, then article 19, section 3 of the Nevada Constitution would need to be amended. Also, *Buckley v. ACLF* upheld additional terms found in the Colorado affidavit that are not found in the Nevada affidavit. The Legislature may choose to add some or all of these terms to the Nevada affidavit.

*PROTECTING CITIZENS, SOLVING PROBLEMS, MAKING GOVERNMENT WORK*

Pamela Crowell
December 1, 1999
Page 9

Other states also have faced this issue. In Arizona the Attorney General issued an opinion concluding, as we have, that *Buckley v. ACLF* applies to all petitions in Arizona and recommending that the Secretary of State continue to use the affidavit language mandated by Arizona law on petition forms until (and unless) the statue is revised. Op. Az. Att'y Gen. No. I99-010, R99-011 (April 13, 1999).

Nebraska has also addressed this issue. A "Nebraska statutory law which prohibit[ed] and criminalize[d] the circulation of initiative petitions by persons who [were] not . . . registered to vote for one month prior to the circulation of the petitions" was challenged in federal court. *Bernbeck v. Moore*, 126 F.3d 1114, (8th Cir. 1997). "The district court concluded that the statutory provisions restrict appellees' core political speech and, because they are not narrowly tailored to serve the State's compelling interests, violate appellees' First Amendment rights." *Id.* The U.S. Court of Appeals affirmed. *Id.* at 1115.

## CONCLUSION TO QUESTION THREE

Those provisions in the Nevada Constitution and in Nevada election law that require the petition circulator to be a registered voter should be amended to bring Nevada into compliance with *Buckley v. ACLF*.

## QUESTION FOUR

Does this U.S. Supreme Court decision impact the statutory and regulatory provisions governing the reporting of contributions and expenses by ballot advocacy groups or recall committees?

## ANALYSIS

In addition to the voter registration for petition circulator requirement discussed above, the *Buckley v. ACLF* decision also addressed certain disclosure requirements in Colorado's law. *Buckley v. ACLF*, 525 U.S. at ___, 119 S. Ct. at 646-49. The U.S. Court of Appeals struck down that portion of the Colorado law that compelled disclosure of the names and addresses of all paid circulators and the amount paid to each. While affirming the Court of Appeal's decision, the Supreme Court upheld the record keeping, recording, and disclosure provisions of the Federal Election Campaign Act of 1971, 2 U.S.C. § 421 et seq. (1970 ed., Supp. IV), but reasoned that "exacting scrutiny is necessary when compelled disclosure of campaign-related payments is at issue." *Buckley v. ACLF*, 525 U.S. at ___, 119 S.Ct. at 647. This is not to say that exacting scrutiny will defeat any and all disclosure requirements. The Supreme Court held that the state's interest in the disclosure of names of initiative sponsors and the total amount of money expended to collect signatures for their petitions was substantial and upheld that portion of the disclosure

Pamela Crowell
December 1, 1999
Page 10

requirement. *Id.* It was the compelled disclosure of the names, addresses, and specific amount paid to each circulator that was struck down.

Nevada's campaign disclosure laws require that ballot advocacy groups and committees for the recall of a public officer must file an expenditure report that lists the name, address, and amount of the expenditure. NAC 294A.075(1). This expenditure report contains the very disclosure requirements that were struck down in *Buckley v. ACLF.* Compelled disclosure of the name, address, and amount paid, specific to each petition circulator, is likely to fall within the purview of *Buckley v. ACLF* and be deemed invalid. *Buckley v. ACLF,* 525 U.S. at ___, 119 S. Ct. at 646.

Requiring disclosure of the total amount paid to the circulators as a group entity or the amount paid per petition signature, rather than the amount paid to each individual and disclosure of personal information specific to each circulator are requirements likely to be upheld under *Buckley v. ACLF. Id.* at 647. Such a change would entail amending NAC 294A.075(1) by the Secretary of State's office.

## CONCLUSION TO QUESTION FOUR

*Buckley v. ACLF* prohibits Nevada from requiring ballot advocacy groups or committees for the recall of a public officer from listing the name, address, and amount paid to each circulator of a petition. However, *Buckley v. ACLF* does permit an expenditure report to reveal the amount paid per petition signature or the total amount paid to petition circulators. Nevada's laws should be amended accordingly.

Sincerely,

FRANKIE SUE DEL PAPA
Attorney General

By _____

KATERI CAVIN
Deputy Attorney General
Civil Division
(775) 684-1218
kcavin@govmail.state.nv.us

CD 99-44 1099

*PROTECTING CITIZENS, SOLVING PROBLEMS, MAKING GOVERNMENT WORK*