BRADLEY SCHRAGER, ESQ.
Nevada Bar No. 10217
DANIEL BRAVO, ESQ.
Nevada Bar No. 13078
**WOLF, RIFKIN, SHAPIRO,**
**SCHULMAN & RABKIN, LLP**
3556 East Russell Road, Second Floor
Las Vegas, NV 89120
PH: (702) 341-5200
bschrager@wrslawyers.com
dbravo@wrslawyers.com

*Attorney for Defendant-Intervenors*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| NEVADA GREEN PARTY; DR. JILL STEIN; AND JULIA HAMMETT, | Case No. 2:16-cv-01951-JAD-CWH |
| Plaintiffs, | **[EMERGENCY TREATMENT REQUESTED]** |
| v. | |
| BARBARA C. CEGAVSKE, in her official capacity as Secretary of State of Nevada, | **MOTION TO INTERVENE AS DEFENDANTS BY BARBARA HARTZELL, DENISE GERDES AND REBECCA GRISMANAUSKAS[1]** |
| Defendant. | |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1]   Under the circumstances of this expedited matter, Defendant-Intervenors style this as an emergency motion, and request the Court resolve it at the outset of any hearing on Plaintiffs' pending application and motion.

---

MOTION TO INTERVENE AS DEFENDANTS BY BARBARA HARTZELL, DENISE GERDES
AND REBECCA GRISMANAUSKAS

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ............................................................................................................. 1

II.  BACKGROUND ............................................................................................................. 1

III.  AUTHORITY AND ARGUMENT ............................................................................... 2

    A.  Intervenors Are Entitled To Intervene As a Matter Of Right. ................................ 3

        1.  The Motion to Intervene is Timely ............................................................. 3

        2.  The Intervenors Possess a Significantly Protectable Interest in the Substance of This Litigation ..................................................................... 4

        3.  Denial of This Motion Would Impair Intervenors' Ability to Protect Their Interests.............................................................................................. 5

        4.  Intervenors' Interests Are Not Adequately Represented by the Current Defendant ...................................................................................... 5

    B.  In The Alternative, Intervenors Request That The Court Grant Them Permission To Intervene Under Rule 24(b) ......................................................... 6

IV.  CONCLUSION ............................................................................................................... 8

## I.     INTRODUCTION

Barbara Hartzell, Denise Gerdes, and Rebecca Grismanauskas ("Intervenors") seek to participate as intervening defendants in the above-captioned lawsuit challenging the constitutionality of Nevada's deadline for minor political parties to submit their ballot petitions.  Intervenors are entitled to intervene in this case as a matter of right under the Federal Rule of Civil Procedure ("Rule") 24(a)(2). In the alternative, Intervenors request permissive intervention pursuant to Rule 24(b).  In accordance with Rule 24(c), a Response to Plaintiffs' Application for Temporary Restraining Order and Order to Show Cause Regarding Primary Injunction ("Application") is filed with this motion.

## II.    BACKGROUND

Intervenors, registered voters residing in Nevada, seek to intervene in this action to protect their rights to challenge a minor party nomination petition under Nevada law and to protect their interests in the integrity of the state's ballot nomination process.  After failing to obtain and timely submit the requisite number of signatures to appear on the general election ballot, the Nevada Green Party ("Green Party") and Jill Stein ("Stein") are attempting to circumvent the requirements in Nevada's nomination petition statutes through legal action.

Under NRS 293.1715(l)(c), minor political parties must file ballot petitions with the Secretary of State "[n]ot later than the third Friday in June preceding the general election[.]"  Further, the petitions must be submitted to the county clerks for each county for verification of the signatures included therein, "not later than 10 working days before the last day to file the petition."  NRS 293.172(1)(c).  This year, that day fell on June 3, 2016.  The Green Party, however, failed to submit 5,431 valid signatures by June 3.

Nevertheless, after receiving notice on June 22, 2016 that it did not have enough valid signatures for the petition, the Green Party continued to collect additional signatures.  On August 1, 2016, the Nevada Green Party attempted to submit over 1,000 signatures in support of its petition to the office of the Secretary of State.  The office refused to accept additional signatures because the June 3, 2016, deadline had passed, and late filings are not permitted.

A person dissatisfied with the Secretary of State's determination that a minor party candidate has submitted sufficient valid signatures to qualify for the ballot must file a court challenge no later

MOTION TO INTERVENE AS DEFENDANTS BY BARBARA HARTZELL, DENISE GERDES
AND REBECCA GRISMANAUSKAS

1   than the fourth Friday in June.  NRS 293.174.  Objections are not permitted after that date.  The statute,

2   in full, provides:

3      If the qualification of a minor political party to place the names of candidates on the
        ballot pursuant to NRS 293.1715 is challenged, all affidavits and documents in support
4      of the challenge must be filed not later than 5 p.m. on the fourth Friday in June.  Any
        judicial proceeding resulting from the challenge must be set for hearing not more than 5
5      days after the fourth Friday in June.  A challenge pursuant to this section must be filed
        with the First Judicial District Court if the petition was filed with the Secretary of State.
6      The district court in which the challenge is filed shall give priority to such proceedings
        over all other matters pending with the court, except for criminal proceedings.

7   *Id.*

8      This deadline has now passed and Intervenors cannot challenge any late-filed nomination

9   petition that may be accepted by the Secretary of State as a result of this litigation.

10     On August 16, 2016, Plaintiffs filed their Application, in which they asked the Court to order

11  the Secretary of State to extend the deadline for accepting ballot petitions of minor political parties and

12  therefore allow the Green Party's candidate, Stein, to submit additional signatures to attempt to qualify

13  for the general election ballot.  Specifically, Plaintiffs seek an order compelling the Secretary of State

14  to accept the Green Party's submission of signatures in support of its petition almost two months past

15  the deadline set forth in NRS 293.1715.  Plaintiffs advance two primary arguments.  Plaintiffs first

16  contend that the Secretary of State has discretion to put presidential candidates of minor political

17  parties on the ballot regardless of whether they comply with the signature requirements set out in NRS

18  293.172 and 293.1715.  In the alternative, Plaintiffs allege that the current deadline for nomination

19  petitions is unconstitutionally burdensome under the First and Fourteenth Amendments of the United

20  States Constitution.  Defendant's response must be filed with this Court on August 25, 2016 and a

21  hearing is scheduled for August 31, 2016.

22  **III.   AUTHORITY AND ARGUMENT**

23     The outcome of this litigation will have a direct, and potentially damaging, effect on

24  Intervenors' rights to challenge a minor party's ballot nomination petition under Nevada State law.

25  Given Intervenors' significant interest in this statutory right, which is not adequately represented by the

26  Secretary of State, and the fact that this litigation is in its infancy, Intervenors' motion to intervene

27  should be granted.  As outlined below, Intervenors meet the requirements for intervention as a matter

28  of right under Federal Rule of Civil Procedure 24(a)(2).  In the alternative, the Court should exercise its

2

1    discretion to allow Intervenors to intervene under Rule 24(b), which allows for permissive intervention.

2    **A.    Intervenors Are Entitled To Intervene As a Matter Of Right.**

3    Under Rule 24(a) a party may intervene if (1) the applicant's motion is timely; (2) the applicant

4    has asserted an interest relating to the property or transaction which is the subject of the action; (3) the

5    applicant is so situated that without intervention the disposition may, as a practical matter, impair or

6    impede its ability to protect that interest; and (4) the applicant's interest is not adequately represented

7    by the existing parties. *United States ex rel. McGough v. Covington Technologies Co.*, 967 F.2d 1391,

8    1394 (9th Cir. 1992).  "This four-part test is construed liberally in favor of applicants for intervention

9    and guided by practical considerations rather than technical distinctions." *Cemex, Inc. v. Cty. of L.A.,*

10   92 Fed App'x 457, 459 (9th Cir. 2004).  "Rule 24 traditionally has received a liberal construction in

11   favor of applications for intervention."  *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d at 527 (citing

12   *Wash. State Building and Construction Trades Council, AFL-CIO v. Spellman*, 684 F.2d at 630).

13   **1.    The Motion to Intervene is Timely**

14   In determining whether a motion to intervene is timely, a court evaluates three factors: (1) the

15   stage of the proceedings at which an applicant seeks intervention; (2) the prejudice to other parties; and

16   (3) the reason for and length of delay.  *Cty. of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir.

17   1986), *cert. denied*, 480 U.S. 946 (1987). "Timeliness is a flexible concept; its determination is left to

18   the district court's discretion." *U.S. v. Silverwood Estates Development Limited Partnership*, 370 F.3d

19   915, 921 (9th Cir. 2004).  "Timeliness is determined from all circumstances." *Id.*

20   All three factors weigh heavily in favor of Intervenors' motion to intervene.  First, Intervenors

21   seek to enter the lawsuit at the very beginning of the proceedings, even before the deadline for

22   Defendant to file a response in opposition to Plaintiffs' Application and before the oral argument on

23   that motion.  Second, Plaintiffs will not be prejudiced by intervention because they will have a fair and

24   full opportunity to review and reply to Intervenors' arguments.  Third, Intervenors have not in any way

25   delayed the present request:  Intervenors seek to join the lawsuit *before* Defendants have taken any

26   action.  Courts routinely find a motion to intervene to be timely under these circumstances.  *See, e.g.,*

27   *Carcano v. McCrory*, No. 1:16CV236, 2016 WL 3167180, at *2 (M.D.N.C. June 6, 2016) ("Here, there

28   is no dispute the motion is timely. The proposed intervenors filed their motion on May 25, 2016, before

any of the original Defendants made any filings in the case and just nine days after Plaintiffs filed their motion for preliminary injunction."); *United States v. Virginia*, 282 F.R.D. 403 (E.D. Va. 2012) (motion to intervene was timely in action by the United States against state where motion was filed less than two months after complaint was filed and before initial pleading stage had finished).

2.     **The Intervenors Possess a Significantly Protectable Interest in the Substance of This Litigation**

Intervenors also satisfy the second factor for intervention as a matter of right because Intervenors have a strong interest in ensuring that the ballot petition process is fair and that they may exercise their statutory right to challenge a minor party's petition submission. "The interest test is not a clear-cut or bright-line rule, because no specific legal or equitable interest need be established." *City of Los Angeles*, 288 F.3d at 398.  Rather, the Ninth Circuit has determined that the "interest test" is "basically a threshold one," and "is primarily a practical guide to disposing of lawsuits by involving as many concerned persons as is compatible with efficiency and due process." *MGM Grand Hotel, Inc., v. Smith-Hemion Productions, Inc.*, 158 F.R.D. 677, 679 (D. Nev. 1994) (citing *Cty. of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980)).  In general, "[a]n applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Cal. ex rel. Lockyer v. United States,* 450 F.3d 436, 441 (9th Cir. 2006) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)).

If the Court allows Plaintiffs to submit signatures at some point after the August 30 hearing— two months after the June 2 petition deadline—Intervenors will be foreclosed from challenging the legal sufficiency of these signatures.  NRS 293.174 provides that such a challenge "<u>must</u> be filed not later than 5 p.m. on the fourth Friday in June" with the First Judicial District Court.  *Id.*  (emphasis added).  That date has already passed, foreclosing Intervenors from challenging Plaintiffs' petition should the Secretary of State be ordered to accept additional signatures and thereafter determine that Stein qualifies for the ballot.  Moreover, Intervenors' ability to oppose the petition is particularly important where the Secretary of State determined that a number of the signatures from the Green Party's first submission were invalid.  Intervenors' interests would be impacted directly should Stein be

4

1   allowed to bypass Nevada law and possibly qualify for the ballot on the strength of invalid signatures

2   without Intervenors being afforded their statutory right to challenge.

3        Considering that Intervenors have a significant protectable interest implicated by this lawsuit,

4   "the disposition of this case may, as a practical matter, *affect* it."  *California ex rel. Lockyer*, 450 F.3d

5   436, 442 (9th Cir. 2006) (emphasis added) (citing *Ctr. for Biological Diversity v. Berg,* 268 F.3d 810,

6   822 (9th Cir.2001)) ("We follow the guidance of Rule 24 advisory committee notes that state that '[i]f

7   an absentee would be substantially affected in a practical sense by the determination made in an action,

8   he should, as a general rule, be entitled to intervene.'" (alteration in original) (quoting Fed .R. Civ. P.

9   24 advisory committee note to 1966 amendment)).

10       **3.**     **Denial of This Motion Would Impair Intervenors' Ability to Protect Their**
11                **Interests.**

12       The third factor for intervention as of right requires that intervenors be "so situated that

13  disposing of the action may as a practical matter impede [their] ability to protect [their] interest."  Fed.

14  R. Civ. P. 24(a)(2).  Courts considering this factor "look[] to the 'practical consequences' of denying

15  intervention," recognizing that even if the party seeking to intervene may vindicate its interests in some

16  later litigation, that is not a sufficient basis to deny intervention under Rule 24(a)(2).  *Natural Res. Def.*

17  *Council v. Costle*, 561 F.2d 904, 909 (D.C. Cir. 1977) (*Nuesse v. Camp*, 385 F.2d 694, 702 (D.C. Cir.

18  1967)).

19       This Court has held that where the party's statutory right is at stake in a lawsuit between other

20  parties, such party's ability to protect its interests is impaired absent intervention.  *See People's*

21  *Legislature v. Miller*, 2:12-CV-00272-MMD, 2012 WL 3536767, at *4 (D. Nev. Aug. 15, 2012) ("[I]f

22  Plaintiffs succeed and these statutes are declared unconstitutional, NMA et al. will lose the rights

23  afforded to them by the statutes.").  Likewise, here, Intervenors may lose their right to challenge ballot

24  petitions submitted by the Green Party or another minor political party, a right afforded to them under

25  NRS 293.174.

26       **4.**     **Intervenors' Interests Are Not Adequately Represented by the Current**
27                **Defendant**

28       The Secretary of State does not serve Intervenors' interest in this lawsuit.  To meet the final

MOTION TO INTERVENE AS DEFENDANTS BY BARBARA HARTZELL, DENISE GERDES
AND REBECCA GRISMANAUSKAS

requirement of intervention as of right, Intervenors need only show that the representation of their interests by the current parties "may be" inadequate, and the burden of making this showing is "minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). Further, any doubt regarding the adequacy of representation should be resolved in favor of the would-be intervenor. *See* 6 JAMES WM. MOORE ET AL., MOORE'S FED. PRAC. § 24.03[4][a][i] (3d ed. 2011).

As a fundamental matter, the Secretary of State cannot adequately protect Intervenors' interest in this lawsuit because the Secretary of State would be *adverse* to Intervenors during a ballot petition challenge. Rather, in such an action, the Secretary of State would be *defending* the validity of the petition. To the extent this lawsuit implicates the ability of third parties' ability to mount a viable challenge to a decision qualifying Stein for the ballot, the Secretary of State may be less than enthusiastic about ensuring that any disposition of this case preserves the ability for such challenges to proceed; *i.e.*, to allow parties to sue her office to challenge its further review of Stein's ballot petition.

In light of the discrete interests of the Secretary of State and Intervenors and the potential adversity between them, Intervenors' interests are unlikely to be uniquely represented unless this motion is granted. *See California ex rel. Lockyer v. United States*, 450 F.3d 436, 445 (9th Cir. 2006) ("We therefore conclude that the proposed intervenors in this case, [] have 'more narrow, parochial interests' than the United States."); *Yniguez v. State of Ariz.*, 939 F.2d 727, 733 (9th Cir. 1991) (granting motion where the government may be less than enthusiastic about the enforcement of a measure adopted by ballot initiative); *Smith v. Bd. of Election Comm'rs for City of Chicago*, 103 F.R.D. 161 (N.D. Ill. 1984) ("Bipartisan" group of qualified voters who were supporters of candidates for ward committeeman were entitled to intervene in suit involving signature requirements for that office, as they would have been prejudiced if their motion to intervene were denied, and the motion was not untimely as the parties were presently briefing plaintiffs' and plaintiff intervenors' motions for summary judgment.).

**B.     In The Alternative, Intervenors Request That The Court Grant Them Permission To Intervene Under Rule 24(b)**

Under Rule 24(b)(2), a court may grant permissive intervention if three conditions are met: (1) the applicant must demonstrate an independent ground for federal jurisdiction; (2) the motion must be

timely; and (3) the applicant's claims must have a question of law and fact in common. *Venegas v. Skaggs,* 867 F.2d 527, 529 (9th Cir. 1989). "In exercising its discretion, the court must consider whether allowing intervention will cause prejudice or undue delay." *Epstein v. Bayer*, No. 398CV-0758-ECR VPC, 2006 WL 3313930, at *2 (D. Nev. Oct. 24, 2006) (citing *Donelly v. Glickman,* 159 F.3d 405, 409 (9th Cir. 1998)). Additionally, "judicial economy is a relevant consideration in deciding a motion for permissive intervention." *Venegas,* 867 F.2d at 531. First, the Court has jurisdiction because Plaintiffs bring a federal constitutional challenge to statutes that protect Intervenors' ability to safeguard the integrity of Nevada's ballot access procedures. Second, as described above, this motion has been timely submitted at the very outset of the case. *See Carcano v. McCrory*, 1:16CV236, 2016 WL 3167180, at *3 (M.D.N.C. June 6, 2016) ("[T]he proposed intervenors have already filed their proposed answer and counterclaims, and the deadline for responses to the Plaintiffs' motion for preliminary injunction has not yet passed. Thus, the addition of the proposed intervenors should not significantly delay proceedings in this case."). Third, the Intervenors' interest in preserving their rights to mount a potential challenge to a decision qualifying Stein for the ballot is implicated directly by Plaintiffs' claims in this case and therefore "largely overlap with the legal and factual issues that are already present in the main action." *Id.*

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

MOTION TO INTERVENE AS DEFENDANTS BY BARBARA HARTZELL, DENISE GERDES
AND REBECCA GRISMANAUSKAS

1

## IV.    CONCLUSION

2

Intervenors respectfully request that the Court grants their motion to intervene as a matter of

3

right under Rule 24(a)(2) or, in the alternative, permits them to intervene under Rule 24(b). If granted

4

permission to intervene under either provision, Intervenors have attached a Response to Plaintiffs'

5

Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction for

6

filing in accordance with the Federal and Local Rules of Civil Procedure.

7

DATED this 25th day of August, 2016.

8                                                    **WOLF, RIFKIN, SHAPIRO,**
                                                     **SCHULMAN & RABKIN, LLP**

9

10                                  By:    */s/ Bradley Schrager*

11                                         BRADLEY SCHRAGER, ESQ.
                                           Nevada State Bar No. 10217

12                                         DANIEL BRAVO, ESQ.
                                           Nevada State Bar No. 13078

13                                         3556 E. Russell Road, Second Floor
                                           Las Vegas, Nevada 89120

14
                                           *Attorneys forDefendant-Intervenors*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO INTERVENE AS DEFENDANTS BY BARBARA HARTZELL, DENISE GERDES
AND REBECCA GRISMANAUSKAS

1

## **CERTIFICATE OF SERVICE**

2         On August 25, 2016, I caused to be served upon counsel of record, at the address stated below,

3  via the method of service indicated, a true and correct copy of the following document:

4

5  **MOTION TO INTERVENE AS DEFENDANTS BY BARBARA HARTZELL, DENISE GERDES AND REBECCA GRISMANAUSKAS**

6

7  Tony Nasser                                    _____  Via Hand Delivery
   Barnes Law                                     _____  Via U.S. Mail, 1st Class, Postage
8  601 South Figueroa Street, Suite 4050                 Prepaid,  and U.S. Mail, Certified,
   Los Angeles, California 90017                         Return Requested
   Telephone: (310) 510-6211                      _____  Via Overnight Delivery
9  Facsimile: (310) 510-6225                      __X__  Via E-Filing

10

11 Mace J. Yampolsky                              _____  Via Hand Delivery
   Mace J. Yampolsky, Ltd.                        _____  Via U.S. Mail, 1st Class, Postage
12 625 South Sixth Street                                Prepaid,  and U.S. Mail, Certified,
   Las Vegas, Nevada 89101                               Return Requested
13 Telephone: (702) 385-9777                      _____  Via Overnight Delivery
   Facsimile: (702) 385-3001                      __X__  Via E-Filing

14

15

16 Barbara C Cegavske                             _____  Via Hand Delivery
   Nevada State Capital Building                  _____  Via U.S. Mail, 1st Class, Postage
17 101 North Carson Street, Suite 3                      Prepaid,  and U.S. Mail, Certified,
   Carson City, Nevada 89701                             Return Requested
18 Telephone: (775) 684-5708                      _____  Via Overnight Delivery
   Facsimile: (775) 684-5725                      __X__  Via E-Filing
   E-mail: LStory@ag.nv.gov                       __X__  Via E-Mail

19

20

21         I certify under penalty of perjury under the laws of the State of Nevada that the foregoing is

22 true and correct.

23         DATED this 25th day of August, 2016.

24                              By:   _/s/ Dannielle Fresquez_____
                                      Dannielle Fresquez, an Employee of
25                                    WOLF, RIFKIN, SHAPIRO, SCHULMAN &
                                      RABKIN, LLP
26

27

28