Tony Nasser, Esq., CA SBN: 307930
BARNES LAW
601 South Figueroa Street, Suite 4050
Los Angeles, California 90017
Telephone:  (310) 510-6211
Facsimile:   (310) 510-6225
E-mail:   tonynasser@barneslawllp.com

Attorney admitted *Pro Hac Vice* for Plaintiffs Nevada Green Party, Dr. Jill Stein, and Dr. Julia Hammett as Co-Chair of the Nevada Green Party

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| NEVADA GREEN PARTY; DR. JILL STEIN; AND DR. JULIA HAMMETT as Co-Chair of the Nevada Green Party,<br><br>Plaintiffs,<br><br>v.<br><br>BARBARA C. CEGAVSKE, in her official capacity as Secretary of State of Nevada<br><br>Defendant. | Case No.: 2:16-cv-01951-JAD-CWH<br><br>**PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE** |

## I.     INTRODUCTION

Plaintiffs Nevada Green Party, Dr. Jill Stein, and Dr. Julia Hammett as Co-Chair of the Nevada Green Party (hereinafter collectively "Plaintiffs"), respectfully requests that this Court deny Barbara Hartzell's, Denise Gerdes's, and Rebecca Grismanauskas's ("Intervenors") Emergency Motion to Intervene. As elaborated below, this Court should deny intervention as a matter of right, or for any other reason, because: (i) Intervenors'

and Defendant Secretary of State Barbara Cegavske's (the "Secretary") interests are aligned and the Secretary adequately protects Intervenors' interests under the standards set forth by the U.S. Court of Appeals for the Ninth Circuit, (ii) the motion is untimely, and (iii) Intervenors' ability to protect their interests would not be harmed by denying the motion. Moreover, it is strongly emphasized that this entire motion is premised upon hypotheticals and Intervenors have no standing to bring a challenge under NRS 293.174, nor any reasonable reason to suspect that there will be a reason to challenge any potential qualification of the Nevada Green Party to place Dr. Stein's name on the ballot. This motion unnecessarily burdens this Court and the parties involved.

## II.  ARGUMENT

### A. Intervenors Are Not Entitled To Intervene As A Matter Of Right

For the Intervenors to successfully intervene as of right under Fed.R.Civ.P. 24(a)(2): (1) their application must be timely; (2) they must have a "significantly protectable" interest relating to the transaction that is the subject of the action; (3) they must be situated such that the disposition of the action may impair or impede their ability to protect that interest; and (4) their interest must not be adequately represented by existing parties in the suit. *United States v. Blaine Cty., Montana*, 37 F. App'x 276, 277 (9th Cir. 2002) (*quoting Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir.2001).

**1. The Intervenors Do Not Possess a Significantly Protectable Interest in the Substance of This Litigation, the Intervenors' Interests Are More Than Adequately Represented by the Nevada Secretary of State, and the Intervenors'**

**Have Not Overcome the Presumption That the State Adequately Protects Their Interests.**

Intervenors submit that they have a significantly protectable interest in ensuring that the ballot petition process is fair and that they may exercise their statutory right to challenge a minor party's petition submission as provided in NRS 293.174. Motion to Intervene at 4:7–9. Yet, it is not the domain of "registered voters residing in Nevada"[1] to protect the integrity of the electoral process; this clearly is encompassed entirely within the Secretary of State's duties. *See American Party of Texas v. White*, 415 U.S. 767, 94 S.Ct. 1296 (1973).

Of particular relevance here, the Ninth Circuit regularly denies motions to intervene where the intervenors do not advance a novel and unrepresented position. Generally, "if an applicant for intervention and an existing party share the same ultimate objective, a presumption of adequacy of representation arises." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 892, 898 (9th Cir. 2011.) This is especially true where an intervener is seeking to join a lawsuit on the same side as a government entity. "In the absence of a ***very compelling showing*** to the contrary, it will be presumed that a state adequately represents its citizens when the applicant shares the same interest." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (emphasis added); *accord Prete v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006).

Here, the Intervenors have not made a "very compelling showing" to overcome this presumption. As their proposed Response reveals, the Intervenors' ultimate goal is

---

[1] Motion to Intervene 1:10.

to defend the constitutionality of the statutory scheme establishing Nevada's early deadline for accepting minor parties' ballot petitions and to keep the Green Party off of the Nevada ballot for the 2016 presidential election. Yet, this is a position the Secretary is already aptly suited to defend and is vigorously defending. *See American Party of Texas v. White*, 415 U.S. 767, 94 S.Ct. 1296 (1973). In reality, Intervenors have no standing in this action and their interests would be better served by initiating their own suit against the Secretary when and if she accepts the Green Party's nominating petition. Intervenors have no conflict with Plaintiffs, but nonetheless request to intervene as Defendants in this matter—an untenable position.

Moreover, contrary to Intervenors' position that intervention "is particularly important where the Secretary of State determined that a number of the signatures from the Green Party's first submission were invalid," no invalid signatures will be implicated as a result of this Court granted Plaintiffs' requested temporary restraining order and permanent injunction. Motion to Intervene at 4:26–28. Plaintiffs do not request the Secretary to blindly accept additional signatures, nor do they ask the Secretary to count signatures deemed invalid. Rather, Plaintiffs' contest that Nevada's signature collection deadline itself is unconstitutionally burdensome. As indicated in the proposed order filed concurrently with the motion for temporary restraining order, the temporary restraining order seeks to enjoin the Secretary "from refusing to accept the Nevada Green Party's petition with supplemental signatures…," with the express caveat that the Secretary "take all actions necessary to accept the supplemental signatures," including verification processes. Proposed Order at 2. Accordingly, no invalid signatures are implicated in this request.

Last, granting Plaintiffs' temporary restraining order would not allow the Nevada Green Party presidential nominee to "bypass Nevada Law." Motion to Intervene at 5:1. Plaintiffs have complied with all constitutional Nevada statutes.

### 2. The Intervenors' Motion is Not Timely.

In determining whether a motion to intervene is timely, a court evaluates three factors: (1) the stage of the proceedings at which an applicant seeks intervention; (2) the prejudice to other parties; and (3) the reason for and length of delay. Motion to Intervene 3:14–17, *citing Cty. of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986), *cert. denied*, 480 U.S. 946 (1987). Contrary to Intervenors' representations, all three factors do not weigh heavily in favor of the motion to intervene.

First, it is less important in this action that the motion to intervene was filed before any responsive pleading because of the expedited and abnormal schedule associated with this matter. Plaintiffs filed the complaint and motion for temporary restraining order on August 16, 2016. Due to the time sensitive nature of the issues presented in the complaint, the court ordered Defendants' response by August 25, 2016, and set a motion hearing for August 31, 2016, which the Court advanced to August 29, 2016, in lieu of a stipulation from the parties. Intervenors filed this current motion to intervene late Thursday afternoon on August 25, 2016, a mere four days before the hearing. Thus, analogizing this situation to other cases where motions to intervene were filed before Defendants' response is misleading. In those instances, opposing counsel has a standard and reasonable amount of time to respond to those additional parties contentions; such is not the case here. The correct analysis in this matter is that Intervenors attempt to intervene a mere four days before the hearing date at issue, which cannot be seen as timely.

Second, because of filing a mere four days before the hearing, this motion to intervene is unduly prejudicial to Plaintiffs and Plaintiffs' counsel. It should be noted that the court also required Defendants to respond on August 25, 2016, the same day as Intervenors filed their current motion. Thus, Plaintiff's counsel must, in addition to replying to any Defendants' response, also oppose this motion for intervention as well as consider a reply to the Intervenors' proposed response, all in only 3 days. Moreover, intervention in this matter, which is highly time sensitive, may delay adjudication of Plaintiffs' requests for interim relief. This is clearly prejudicial.

Third, Intervenors have not represented that they were unable to file the motion to intervene any time sooner than August 25, 2016. Indeed, Intervenors took more than a full week to file their motion—yet leave Plaintiffs' counsel only three days to do so—and filed a proposed response to the motion for temporary restraining order concurrently with the motion to intervene, implying that the motion could have been filed earlier. No reason for this delay has been given.

### 3. Denial of Intervenors' Motion Would Not Impair Intervenors' Ability to Protect Their Interests

Intervenors unabashedly attempt to exaggerate the impact of denying their motion to intervene in this matter. As explained above, it is the duty of the State to ensure the fairness and integrity of the electoral process, not the duty of the voters of Nevada. These voters currently do not even have grounds for a challenge under NRS 293.174. Before a court challenge can be filed, the Secretary of State must first qualify the Nevada Green Party to put Dr. Stein's name on the ballot, and the voters must decide that there is reason to challenge the qualification. This entire motion is based on hypotheticals.

Furthermore, the Nevada court case cited in Intervenors' motion involved a constitutional challenge to the same statute that granted the right that the intervening party sought to exercise. *See People's Legislature v.* Miller, 2:12-CV-00272-MMD, 2012 WL 3536767, at *4 (D. Nev. Aug. 15, 2012). By contrast, here, Plaintiffs are not contesting the constitutionality of NRS 293.174, but the constitutionality of the deadline in NRS 293.172, a separate statute.

**B. Intervenors' Request To Intervene Under Rule 24(b) Should Also Be Denied**

Intervenors explain that permissive intervention under F.R.C.P. Rule 24(b)(2) requires independent grounds for federal jurisdiction, a timely motion, claims sharing questions of law and fact, and the consideration of undue prejudice, delay, and judicial economy. Motion to Intervene at 6:27–7:6. As explained above, this motion is not timely and is prejudicial as it leaves Plaintiffs' counsel only three days to respond and prepare for the hearing on this motion. Second, Intervenors have no grounds to "mount a potential challenge to a decision qualifying Stein for the ballot," nor any reasonable reason to think such grounds will arise. *Id.* at 7:13–16; *see* F.R.C.P. Rule 11(b). Third, there is no common question of law or fact between Intervenors' hypothetical action and the present constitutional challenge here.

\\\
\\\

### III.   CONCLUSION

For the reasons discussed above, this Court should deny Intervenor's motion to intervene in this matter.

DATED:  August 28, 2016                                    Respectfully submitted,

                                                                                          /s/ Tony Nasser
                                                                                          Tony Nasser, Esq.
                                                                                          Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED THAT:

I, TONY NASSER, am a citizen of the United States and am at least 18 years of age. My business address is 601 South Figueroa Street, Suite 4050, Los Angeles, California 90017.

I am not a party to the above titled action. I have caused service of this Opposition on the following parties by electronically filing the foregoing using the Court's CM/ECF system:

Lori M Story
Office of the Attorney General
555 Wright Way
Carson City, NV 89711
775-684-4605
Fax: 775-684-4601
Email: lstory@ag.nv.gov

Bradley Scott Schrager
Wolf, Rifkin, Shapiro, Schulman & Rabkin
3556 E. Russell Rd
Las Vegas, NV 89120
702-341-5200
Fax: 702-341-5300
Email: bschrager@wrslawyers.com


DATED: August 28, 2016         Respectfully submitted,

                               /s/ Tony Nasser
                               Tony Nasser, Esq.
                               Attorney for Plaintiffs